## JOHN HICKS ET AL. V. JOHN C. LEATON ET AL.

*Settlement—Evidence—Burden of proof.*

1. It is always competent to show, by any relevant testimony, what
   *items* enter into a settlement, when *one* sued for is claimed to be
   barred by the settlement.

2. Receipts *in full* are not conclusive upon the parties to a settlement.
   *Vyne v. Glenn*, 41 Mich. 114 ; *McAllister v. Engle*, 52 Id. 56.

3. Rules of law, as well as those in equity, must be so used and applied
   as to maintain and protect the rights of parties, and not subvert
   and destroy them.

4. Where a note was given by third parties on a compromise between
   other parties of pending litigation, the *extent* of which was
   afterwards in issue in a suit on another claim claimed not to be
   covered by such compromise, evidence of what was done with
   the note, and its present whereabouts, is irrelevant, having no ·
   bearing upon the *material* questions in the case.

5. In a case involving the *extent* of a settlement between two *firms*,
   a receipt *in full*, given by the plaintiffs to *one* of the defendant
   copartners on a settlement of matters arising before he became a
   member of the defendant company, is *incompetent* evidence, it
   not being pretended that it was considered or was present at the
   settlement in issue.

6. A full understanding of the remaining points decided demands an
   examination of the opinion, to which reference is had.

Error to Clinton. (Smith, J.)ʼ Argued June 6, 1887.
Decided October 27, 1887.

Assumpsit. Defendants bring error. Affirmed. The facts
are stated in the opinion.

*Dodds Brothers* and *I. A. Fancher* (*Hanchett & Stark* and
*Mitchel & McGarry,* of counsel), for appellants.

*O. L. Spaulding,* for plaintiffs.

SHERWOOD, J. This is an action of assumpsit brought to
recover the value of 662,392 feet of hemlock lumber, which it
is alleged the defendants failed to deliver under a bill of sale
for 1,500,000 feet, given by defendants to plaintiffs on the
nineteenth day of January, 1884.

The declaration contains three special counts, to which are
added the common counts.

The defendants' pleadings are the general issue, with
notice that the defendants would show on the trial a satis-
faction and discharge of the liability claimed in the declara-
tion.

The cause was tried before a jury in the Clinton circuit,
and the plaintiffs obtained a verdict and judgment for the
sum of $5,824.61. The defendants bring error. The record
contains all the testimony in the case. Twenty-six errors are
assigned, upon which a reversal of the judgment is asked.

The contract under which the plaintiffs claim to be entitled
to recover reads as follows·

"Know all men by these presents that we, John C. Lea-
ton and Albert B. Upton, of the village of Mount Pleasant,
in the county of Isabella, in the State of Michigan, of the
first part, for and in consideration of the sum of $12,000 law-
ful money of the United States, to us paid by Hicks, Bennett
& Co., bankers, of Mount Pleasant, Michigan, of the second
part, receipt whereof is hereby acknowledged, hath bargained
and sold, and by these presents do grant and convey, unto
the said parties of the second part, their executors, adminis-

trators, or assigns, 1,500,000 feet of hemlock bill stuff and timber and boards, the larger part of the same now being in our mill-yards and piled, balance to be cut from logs now in Chippewa river, during the season of 1884, and piled in said yard. Such lumber and timber to be log run, merchantable, culls out, and price per thousand feet is $8.

" This includes all the hemlock lumber now in our yard which is merchantable, culls out, belonging to John C. Leaton and Albert B. Upton, now in our possession at the mill-yard at Mount Pleasant.

" To have and to hold the same unto the said parties of the second part, their executors, administrators, and assigns, forever.

" And the said parties of the first part, for themselves, their heirs, executors, and administrators, do covenant and agree to and with the said parties of the second part, their executors, administrators, or assigns, to warrant and defend the sale of said property, goods, and chattels hereby made, unto the said parties of the second part, their executors, administrators, and assigns, against all and every person or persons whomsoever.

" In witness whereof we have hereunto set our hands and seals the nineteenth day of January, A. D. 1884.

" ALBERT B. UPTON.  [Seal.]<br>
" JOHN C. LEATON.  [Seal.]"

The defendants claim that the balance of the lumber not delivered has been settled for and entirely disposed of.

The validity of the contract is not questioned, and there is no dispute between the parties but that the plaintiffs have received upon the contract 837,608 feet, and that on or about August 11, 1885, the defendants refused to deliver the remainder.

They claim that the matter of this deficiency was included in a settlement claimed to have been made in the month of January, 1886, between the parties.

It appears from the testimony that the plaintiffs were a firm doing a banking business in Mt. Pleasant, under the name of Hicks, Bennett & Co., when the dealings were had between the parties out of which this litigation arose, and that the defendants were also a firm doing business in the

same place, and engaged in the lumber trade, and on the nineteenth day of January, 1884, were indebted to the plaintiffs in the sum of $45,000. To secure the payment of this sum, the defendants gave to the plaintiffs a mortgage on their mill and other property, to secure the payment of the sum of $33,000, and also executed to the plaintiffs said bill of sale or contract, by which they were to pay the remaining $12,000.

After the interest became due on the mortgage, and the defendants neglected to pay the same, the plaintiffs, on the thirteenth day of July, 1885, filed their bill to foreclose the mortgage for what was then due. In January, 1886, the foreclosure suit was still pending. This suit was not brought until the fourteenth of June thereafter. In consequence of the foreclosure suit the defendants' mill was not stocked, and was shut down during the month of January, 1886, which seriously affected the business of Mt. Pleasant, and the people of the town were anxious to have the mill resume business; and, hoping to accomplish this result, a committee of citizens waited upon the plaintiffs to see if some arrangement could not be made by which the mill might be started up. The mortgage matter at this meeting seems to have been the principal thing talked about.

This interview, and the treaty subsequently had between the plaintiffs and the citizens of Mt. Pleasant, resulted in the following proposition from Mr. Fancher, who represented the citizens, viz.:

"MT. PLEASANT, MICH., January 18, 1886.
"DAVID S. FRENCH, ESQ.,
  "Attorney in fact for Hicks, Bennett & Co.,—
"*My Dear Sir:* We have at last succeeded in getting matters fixed so that we are prepared to make a proposition, and hereby submit to you that we will deliver to you our note (a copy of which we hereby hand you) in full payment of all claims between the firms of L aton & Upton and Hicks, Bennett & Co.

" If your folks accept, please notify me as soon as possible, as I desire to return to the city.

"I have deposited the original note with D. Scott Partridge, to be delivered to you if our proposition is accepted.

"Yours, etc.,

"I. A. FANCHER."

The note referred to was for the payment of $16,500. Said French is represented as acting for the plaintiffs in these interviews and treaties. The following is a copy of the note:

" On or before one year from date, for value received, we jointly and severally promise to pay to Hicks, Bennett & Co. or bearer $16,500, with interest at 8 per cent., payable at the First National Bank of Mount Pleasant, Michigan.

" Dated Mount Pleasant, January 18, 1886.

"I. A. FANCHER.
" JOHN A. HARRIS.
" THOMAS PICKARD.
" WILLIAM E. HARRIS.
" GEORGE L. GRANGER."

The following was the response made by the plaintiffs:

"OFFICE OF ST. JOHNS MFG. CO.

" ST. JOHNS, MICHIGAN, January 19, 1886.
" I. A. FANCHER, ESQ.,

" Mt. Pleasant, Michigan,—

" My Dear Sir: Your favor of the eighteenth inst. at hand, and in reply would say the note of which you sent copy is satisfactory. Shall I assign the mortgage or discharge? I think you intimated to me last week that you preferred the latter. If so, you can wire me, or drop a line, and I will forward mortgage note and mortgage, with the proper discharge, to be delivered to you by Mr. Partridge for the note of yourself and others.

"Yours truly,
"D. S. FRENCH,
"Atty. for Hicks, Bennett & Co."

The record further shows that the note was delivered, and the foreclosure suit dismissed.

It is this arrangement and accommodation of the foreclosure suit, and the claim upon the mortgage which was being

foreclosed, which the defendants insist constitute a settlement and satisfaction of the plaintiffs' claim in this suit for the lumber deficient on the contract.

On the contrary, the plaintiffs' claim is that only the claim on the mortgage being foreclosed was attempted to be settled and adjusted, and that the claim of plaintiffs was not thought of, talked about, or mentioned in any treaty had with any person for such settlement and adjustment.

Upon these two theories the cause was tried and submitted to the jury, and they have found against the defendants, and it only remains to see if the court erred in his rulings.

It is always competent to show, by any relevant testimony, what items enter into a settlement when one sued for is claimed to be barred by the settlement. 1 Phil. Ev. 108, and Cowan & Hill's notes to Phil. Ev. 213–316, and cases cited.

Receipts in full are not conclusive upon parties to a settlement. *Vyne v. Glenn*, 41 Mich. 114; *McAllister v. Engle*, 52 Id. 56.

I am clearly of the opinion that the case involved questions of fact arising upon the testimony which were properly submitted to the jury.

I do not think the terms of the compromise of the mortgage claim and suit were such as to preclude the plaintiffs from showing that only those matters entered into the negotiations for the compromise, and alone constituted the claims settled. The action is an equitable one, and it would be unconscionable not to allow the exact facts to be shown. Rules of law, as well as those in equity, must be so used and applied as to maintain and protect the rights of parties, and not to subvert and destroy them. Any defense which would controvert the defendants' position that the liability on the lumber contract had been satisfied or adjusted in the dealings of these parties was entirely competent, and I think all the testimony offered and received by the circuit judge for that purpose was entirely proper.

This view of the case disposes of the defendants' first, second, third, fifth, sixth, seventh, and eighth assignments of error.

The fourth assignment alleges as error the refusal of the court to allow the defendants to show what had been done with the note received by the plaintiffs on the compromise, and where it then was. This was irrelevant, and could have no bearing upon the material questions in the case.

The defendant Upton, before becoming a partner with Leaton, had some business relations with the plaintiffs; and on the settlement of these matters, and receiving what was due to the plaintiffs therein, they thereupon gave him the following receipt:

"In consideration of the conveyance by Albert B. Upton to Hicks, Bennett & Co. of certain lands, and for other valuable considerations, the said Hicks, Bennett & Co. hereby acknowledge full payment to them by said Upton of all indebtedness to them, and hereby discharge him from all liability to said firm."

This receipt was offered by counsel for defendants as tending to show a settlement of the plaintiffs' claim. It was objected to by counsel for plaintiffs as incompetent, and the court properly sustained the objection. It had no connection with the plaintiffs' claim. It was between others than the parties to this suit, and could have no bearing upon the case, as it was not pretended the present claim was mentioned, or made the subject of consideration, when the receipt was given. Its only tendency was to confuse and embarrass the jury in arriving at the real point in issue.

The remaining errors assigned relate to the charge and refusals to charge. These assignments will now be considered.

The first, second, third, fourth, fifth, sixth, seventh, eighth, and ninth are all disposed of in what has already been said, and need no further attention.

The sixteenth relates to the burden of proof, in showing the claim in this suit was not included in the settlement, the defendants claiming it rested upon the plaintiffs. The range taken by the proofs rendered it unnecessary for the court to further discuss this question than he did. The *fact* was the only thing essential, and this the jury found.

The remaining assignments of error refer to the exceptions taken by defendants' counsel to the charge as given, and are nine in number, as follows:

" 1. This first letter, gentlemen, written by Mr. Fancher to Mr. French, being the first communication after the talk with Mr. French, in January, 1886, is entitled to be read in connection with the previous negotiations, and according to the fair import of its terms taken in such connection.

" 2. From all this evidence you are to answer the question, did the settlement of January, 1886, include the lumber matter, the matter in controversy here?

" 3. From all this evidence, did the parties contemplate settling the matter in controversy here? If they did, of course, gentlemen, the plaintiffs have no standing here; if that was included in the matter settled, this claim in regard to the lumber, then that is the end of this case, and the plaintiffs cannot recover."

The court referred to certain undisputed facts in his charge, as follows:

" Now, there are certain things that are undisputed in the case. There is no question as to the making of the contract between the parties relating to the 1,500,000 feet of hemlock lumber. There is no question but what the plaintiffs have received 837,608 feet. There is no dispute between the parties here in this cause as to the amount that they have not received. It is 662,392 feet, the amount they have not received by the terms of the contract as made between the parties. In the outset they were to receive 1,500,000; they lack 662,392 feet."

The court then charged the fourth clause excepted to as follows:

"Now, stopping right here, the plaintiffs would be entitled to recover the value of the lumber,—the plaintiffs would be

entitled to recover the value of the lumber not received by them; that is, the value of that amount, at Mt. Pleasant, at the time the lumber was refused to be delivered by the defendants, which is conceded or agreed by counsel to be about August 11, 1885.

"5. The first question is, have these parties settled this matter in controversy?

"6. If they have proven that, and the defendants come into the case and say that the liability is wiped out, although it once existed, by a settlement or by other means, then the burden is upon the defendants to establish that settlement. So, in this case, as to the question of settlement, the burden would be upon the defendants.

"7. But all the evidence in the case is to be considered in this case as to the settlement; the letters—their contents—are to be considered, and their previous talk and negotiation, and from it all you are to say whether the settlement actually occurred or not.

"8. If the defendants produce evidence that is more convincing to your minds that the settlement occurred than that which points in the other direction, even though it be but a slight degree, that is sufficient; they have then met the requirements of the law, and sustained that proposition by a preponderance of evidence. If it was equally balanced in its convincing power in your minds upon that point, then you must find for the plaintiffs.

"9. I am not entirely clear in my own mind about that; but still I think the law is that, where you allege that there was a settlement of this and of other matters, you claiming there was a settlement, the burden of proof should be upon you [meaning defendants] to show that there was a settlement of the matter in controversy."

These are detached portions from what may be regarded as a carefully prepared and symmetrical charge in the case, and, taken in connection with the entire charge, are wholly unexceptionable. The objections to all these paragraphs, except the third and fifth, are based upon the position of defendants' counsel that the receipt given upon the settlement of the mortgage and foreclosure matters covered the amount claimed upon the lumber contract in this case, and that no testimony could be given to show that such was not

the fact. This position being untenable renders the further discussion of those exceptions unnecessary.

The third and fifth paragraphs are entirely consistent with the defendants' theory of the case, and no error was committed in these portions of the charge.

We find no error in the record, and the judgment will be affirmed.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.