EDWARD C. MESSERSMITH, Respondent, v. THE AMERICAN FIDELITY COMPANY, Appellant.

Public policy — insurance — motor vehicles — public policy does not forbid the enforcement of a contract of indemnity insurance where it appears that automobile, at time of accident, was being operated in violation of law.

1. The public policy of this state when the legislature acts is what the legislature says that it shall be.

2. The legislature has said in so many words that insurance companies may indemnify against liability for loss and damage through the use and maintenance of automobiles (Insurance Law, § 70, subds. 3, 9, 11; Cons. Laws, ch. 28) and has manifested recognition and approval of the business of insurance against the consequences of negligence, whether personal or vicarious.

3. Public policy does not forbid the enforcement of a contract of insurance indemnifying the insured against liability for injuries accidentally suffered by any one through the maintenance or use of his automobile where in an action thereon it appears that at the time

11

of an accident the automobile was being driven in violation of the Highway Law (Cons. Laws, ch. 25, § 282, subd. 2) by an infant under the age of eighteen who was not accompanied either by the owner or by a duly licensed chauffeur, that this was done with the plaintiff's knowledge and under his directions, and that the accident was directly caused by the improper and negligent conduct of the said infant, while thus violating the law.

*Messersmith* v. *American Fidelity Co.*, 187 App. Div. 35, affirmed.

(Submitted October 12, 1921; decided November 22, 1921.)

APPEAL from a judgment, entered March 17, 1919, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, which reversed an order of Special Term denying a motion by plaintiff for judgment on the pleadings and granted said motion.

*Charles Newton* for appellant. It was an implied condition of the policy that the automobile should be operated only by persons legally competent to operate it. (*Shipman* v. *Protected Home Circle*, 174 N. Y. 398; *Grand Legion* v. *Beaty*, 8 L. R. [N. S.] 1124.) A contract which would permit the indemnification of a party for the consequence of committing a crime would be void as against public policy. (*Wills* v. *N. E. Mut. Ins. Co.*, 191 Penn. St. 207; *Harrington* v. *Crawford*, 35 L. R. A. 477; *United States* v. *Simmons*, 14 L. R. A. 78; *Willock* v. *Penn. R. R. Co.*, 166 Penn. St. 184; *Weber* v. *Blunt*, 19 Wend. 188; *Ayer* v. *Hutchins*, 4 Mass. 370.)

*Franklin R. Brown* for respondent. The contract of insurance should not be invalidated by imposing upon it " implied conditions." (*Schumaker* v. *Great Eastern Ins. Co.*, 197 N. Y. 58; *Devitt* v. *Providence Ins. Co.*, 173 N. Y. 17; *Marshall* v. *Connecticut Travelers Ins. Co.*, 170 N. Y. 434; *Gould* v. *Brock*, 221 Penn. St. 38.) Appellant is liable under its policy even though the use of the automobile at the time of the accident was in violation of the Highway Law. (*Armstrong* v. *American Exchange Nat. Bank*, 133 U. S. 433; *Mechanics Ins. Co.* v. *Hoover*

*Distilling Co.,* 182 Fed. Rep. 591; *Missouri F. & C. Co.* v. *Art Metal Co.,* 242 Fed. Rep. 630; *McDonald* v. *T. A. Ins. Co.,* 57 Mo. App. 87; *Ocean Ins. Co.* v. *Polleys,* 13 Pet. 157; *Niagara Ins. Co.* v. *De Graff,* 12 Mich. 124.) The insurance contract does not offend public policy. (*B. & A. R. R. Co.* v. *M. T. Co.,* 82 Md. 535; *Carrigan* v. *Ins. Co.,* 53 Vt. 418.)

CARDOZO, J. Plaintiff sues upon defendant's policy of insurance indemnifying him against liability for injuries accidentally suffered by any one through the maintenance or use of his automobile. The defense is that in violation of the .Highway Law (Cons. Laws, ch. 25, sec. 282, subd. 2), the automobile was driven by an infant under the age of eighteen who was not accompanied either by the owner or by a duly licensed chauffeur; that this was done with the plaintiff's knowledge and under his directions; and " that the accident was directly caused by the improper and negligent conduct of the said infant," while thus violating the law. The question is whether indemnity in such circumstances is consistent with public policy.

The public policy of this state when the legislature acts is what the legislature says that it shall be (*Demarest* v. *Flack,* 128 N. Y. 205; *Lancaster* v. *Amsterdam Impr. Co.,* 140 N. Y. 576, 583; *Janson* v. *Driefontein Mines,* 1902 A. C. 484; Anson on Contracts [Corbin's ed.], p. 286). The legislature has said in so many words that insurance companies may indemnify against liability for loss and damage through the use and maintenance of automobiles (Insurance Law, sec. 70, subds. 3, 9, 10, 11; Cons. Laws, ch. 28). To restrict insurance to cases where liability is incurred without fault of the insured would reduce indemnity to a shadow. Neither in the statute nor in its application as shaped by long-continued practice is there the token of an intention that indemnity shall be withheld from owners operating their own cars, and limited

to those whose cars are run by servants. Liability of the owner who is also the operator can never be incurred without fault that is personal. Indeed, the statute has so covered the field that it can seldom, if ever, be incurred without fault that is also crime. It is a misdemeanor (Highway Law [Cons. Laws, ch. 25], sec. 290) to drive without adequate brakes and horns and lamps (Highway Law, sec. 286, subd. 1); to fail in stated situations to stop on signal (sec. 286, subd. 2); to violate the rules of the road by not keeping to the right (sec. 286, subd. 3); to drive in a careless and imprudent manner or at a dangerous or prohibited rate of speed (sec. 287; cf. Penal Law, sec. 1052; Cons. Laws, ch. 40). The General Highway Traffic Law (Cons. Laws, ch. 70) contains directions even more minute, with the threat of penal consequences. What is true of insurance for the benefit of owners of automobiles is true also of insurance for the benefit of employers of labor (*Westinghouse, C., K. & Co. v. L. I. R. R. Co.*, 160 App. Div. 200, 203; affd., 216 N. Y. 697). Every violation of the Labor Law is to-day a misdemeanor (Penal Law, sec. 1275; *People ex rel. Price v. Sheffield Farms-S.-D. Co.*, 225 N. Y. 25, 29). In too many ways to be misread, the state, through its legislature, has manifested recognition and approval of the business of insurance against the consequences of negligence, whether personal or vicarious. Even without the aid of legislation, courts of high authority have reached a like conclusion (*Boston & Albany Co. v. Merc. Trust Co.* [*Am. Casualty Ins. Co.'s Case*] 82 Md. 535; *Trenton Pass. Ry. Co. v. Guarantors Liability Ind. Co.*, 60 N. J. Law, 246; *Gould v. Brock*, 221 Penn. St. 38; *Phœnix Ins. Co. v. Erie & W. Transp. Co.*, 117 U. S. 312). Insurance instead of prejudicing the victim of an accident is seen to supply in many cases the only fund from which the victim can be paid (*Boston & Albany Co. v. Merc. Trust Co., supra,* at pp. 577, 578; *Phœnix Ins. Co. v. Erie & W. Transp. Co., supra,* at p. 324). Courts are slow to substitute their

own varying views of policy for those which have found embodiment in settled institutions, in every-day beliefs and practices, which have taken root and flourished (*Janson* v. *Driefontein Mines, supra*, at p. 496). The field of discretion is still narrower when there has been statutory sanction, tacit, if not express, of callings and forms of conduct which it would have been easy to condemn.

The defendant does not greatly dispute that there may be indemnity against the consequences of negligence. It argues, however, that in this case the plaintiff's liability was the product, not of negligence, but of willfulness. Undoubtedly, the policy is to be confined to liability for injuries that may be described as accidental. Even if its terms did not so limit it, the fundamental principle that no one shall be permitted to take advantage of his own wrong would import the limitation. But the extension of the policy to this case is no departure from its restriction to injuries that are the product of accident or negligence. The plaintiff in intrusting his car to a youth under eighteen did not desire or intend that there should be an injury to travelers. The act of so intrusting it was willful, but not the ensuing conduct of the custodian, through which injury resulted. Indeed, the violation of the statute would have been the same though the driver's age had been unknown. What was willful was not actionable except as it became so in the sequel through what was unintended or fortuitous.

Injuries are accidental or the opposite for the purpose of indemnity according to the quality of the results rather than the quality of the causes. The field of exclusion would be indefinitely expanded if the defendant's argument were pursued to the limit of its logic. Every act, if we exclude, as we must, gestures or movements that are automatic or instinctive, is willful when viewed in isolation and irrespective of its consequences. An act *ex vi termini* imports the exercise of volition

(Holland, Jurisprudence [8th ed.], pp. 93, 94). Even so, if the untoward consequences are not adverted to — at all events, if the failure to advert to them is not reckless and wanton (Cf. Penal Law, sec. 1044, subd: 2) — liability for the consequences may be a liability for negligence (Holland, *supra,* pp. 97, 98; 2 Austin, Lectures, p. 103; Salmond, Jurisprudence, pp. 351, 363; *Martin* v. *Herzog,* 228 N. Y. 164, 168. Cf. 1 Street, Foundations of Legal Liability, 80; Holmes, Common Law, pp. 103, 105.) A driver turns for a moment to the wrong side of the road, in the belief that the path is clear, and deviation safe. The act of deviation is willful, but not the collision supervening. The occupant of a dwelling leaves a flower pot upon the window-sill, and the pot, dislodged by wind, falls upon a passing wayfarer (N. Y. City Ordinances, § 250). The position of the flower pot is intended, but not the ensuing impact. The character of the liability is not to be determined by analyzing the constituent acts which, in combination, make up the transaction, and viewing them distributively. It is determined by the quality and purpose of the transaction as a whole.

We conclude that public policy does not forbid the enforcement of the contract (*Brock* v. *Travelers Ins. Co.,* 88 Conn. 308, 313; *Ford* v. *Stevens Motor Car Co.,* 203 Mo. App. 669; *Tinline* v. *White Cross Ins. Co.,* 151 L. T. Jour. 434).

The order should be affirmed with costs.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN and CRANE, JJ., concur; ANDREWS, J., absent.

Order affirmed.