### DREW C. CANFIELD McMAHON *v.* HANNAH PEARLMAN & another.

Suffolk.     March 17, 1922. — July 5, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Motor Vehicle,* Unlicensed operator.  *Trespass.     Way,* Public.     *Insurance,* Against liability.     *Equity Jurisdiction,* To reach and apply casualty insurance in satisfaction of a judgment for bodily injury.

Although the operation of a registered motor vehicle by a driver without a license and unaccompanied by any licensed operator is a crime under G. L. c. 90, §§ 10, 20, it does not render the operator a trespasser on the highway.

If a person operates a motor vehicle without a license and unaccompanied by any licensed operator in violation of G. L. c. 90, §§ 10, 20, he is not thereby prevented because of public policy from recovering under an insurance contract indemnifying against accident.

A woman, who believed she was licensed to operate a motor vehicle but whose license had expired without her knowledge, operated such a vehicle in violation of G. L. c. 90, §§ 10, 20, and negligently caused personal injuries to a traveller on the highway, who obtained a judgment against her for such injuries. In a suit under G. L. c. 175, §§ 112, 113, against the operator and an insurance company which had insured her against loss arising from injuries resulting from the ownership or use of the motor vehicle to reach and apply the proceeds of the policy in satisfaction of the judgment, it was *held,* that

(1) The unlawful act of the insured in operating the car did not constitute a defence for the insurer unless it was a direct and proximate cause contributing to the injury;

(2) The unintentional failure of the insured to have a license to operate her motor vehicle did not as a matter of law bar the plaintiff's recovery.

BILL IN EQUITY, filed in the Supreme Judicial Court on June 3, 1921, under G. L. c. 175, §§ 112, 113, by Drew C. Canfield

McMahon against the defendants Hannah Pearlman and Great Eastern Casualty Company to reach and apply to the satisfaction of a judgment for $4,913.98 damages and $69.99 costs, obtained by the plaintiff against the defendant Pearlman in an action for personal injuries sustained by reason of the negligent operation of a motor vehicle, the proceeds of a policy of indemnity insurance issued to the defendant Pearlman by the defendant Great Eastern Casualty Company.

The suit was heard by *Crosby*, J. Material facts are described in the opinion. At the request of the parties the single justice reported the suit to the full court for determination, it being agreed that if "the facts that the defendant Pearlman did not have a license to operate motor vehicles on June 2, 1919, at the time the policy was executed, and that she did not have a license to operate motor vehicles at the time of the accident on July 31, 1919, and that she had no one with her at that time who was licensed to operate motor vehicles, are not as a matter of law a bar to the plaintiff's recovery, she shall recover the full amount of her execution, together with interest and costs of these proceedings."

G. L. c. 175, §§ 112, 113, are as follows:

"Section 112. In respect to every contract of insurance made between a company and any person, by which such person is insured against loss or damage on account of the bodily injury or death by accident of any person, for which loss or damage such person is responsible, whenever a loss occurs on account of a casualty covered by such contract of insurance, the liability of the company shall become absolute, and the payment of said loss shall not depend upon the satisfaction by the insured of a final judgment against him for loss or damage or death occasioned by said casualty. No such contract of insurance shall be cancelled or annulled by any agreement between the company and the insured after the said insured has become responsible for such loss or damage, and any such cancellation or annulment shall be void.

"Section 113. Upon the recovery of a final judgment against any person by any person, including administrators or executors, for loss or damage on account of bodily injury or death, if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor

shall be entitled to have the insurance money, provided for in the contract of insurance between the company and the defendant, applied to the satisfaction of the judgment."

*P. J. Donaghue,* for the plaintiff.

*B. H. Greenhood,* for the defendant Pearlman.

*G. C. Dickson,* for the defendant Great Eastern Casualty Company.

JENNEY, J.   This is a suit in equity in which Drew C. Canfield McMahon seeks to reach and apply under G. L. c. 175, §§ 112, 113, money provided for in a contract of insurance between the defendants Hannah Pearlman and the Great Eastern Casualty Company.   The contract was for the term of one year from June 2, 1919, and by it the company agreed to indemnify Pearlman against loss from the liability imposed by law upon her on account of bodily injuries and resultant death accidentally suffered as a result of the ownership, maintenance, or use of her automobile.   The policy expressly exempted the insurer from liability for injury or death suffered by the insured or her employees caused by her automobile while operated by any person in violation of law as to age, and, if there was no legal age limit, by any one under the age of sixteen, or while engaged in any race or competitive speed test.

It is conceded that an accident happened within the terms of the policy, that final judgment based on bodily injury has been recovered by the plaintiff against the insured, and that the requirements of the policy and the statute under which the suit has been brought have been fulfilled.

The injury was caused by the act of Mrs. Pearlman while she was personally operating her duly registered automobile.   She had, however, no license to operate a motor vehicle and was unaccompanied by any licensed operator; her only license had expired in the February prior to the issuance of the policy, but she believed it to be in force.

The Great Eastern Casualty Company contends that the plaintiff does not have as against it any greater right than Pearlman would have had, and that the latter could not have recovered upon the contract of insurance because at the time of the accident she was engaged in a criminal act.   While the casualty company does not urge that the unlawful conduct is forbidden in express

terms, it says that because of public policy it ought not to be compelled to pay damages.

It is assumed that the insurer cannot be held unless the insured could have maintained an action under the policy. *Lorando* v. *Gethro*, 228 Mass. 181.

The fact that Mrs. Pearlman operated her motor vehicle without a license and that this act was a crime (G. L. c. 90, §§ 10, 20) did not render her a trespasser on the highway. In the trial of an action for damages to the vehicle, her wrongful act would have been evidence of negligence, but would not as a matter of law have barred a recovery. In the plaintiff's suit against her, it was admissible as evidence of her negligence, but it did not establish liability as a legal result. *Bourne* v. *Whitman*, 209 Mass. 155. *Holden* v. *McGillicuddy*, 215 Mass. 563. *Walters* v. *Davis*, 237 Mass. 206. As was said in *Bourne* v. *Whitman*, at page 169, "The fact that the number of punishable misdemeanors has multiplied many times in recent years, as the relations of men in business and society have grown complex with the increase of population, is a reason why the violation of a criminal statute of slight importance should not affect one's civil rights, except when this violation, viewed in reference to the element of criminality intended to be punished, has had a direct effect upon his cause of action. Our decisions seem to have been tending toward the adoption of such a rule."

We are of opinion that it ought not to be held that a person who is guilty of the now considered violation of the statute is forbidden because of public policy to recover under an insurance contract indemnifying against accident. So to hold would tend to defeat the object of such insurance and would not tend to increase the welfare of the public. The unlawful act of Pearlman did not constitute a defence unless it was a direct and proximate cause contributing to the injury.

In this Commonwealth, corporations may be organized "to insure against loss or damage to and loss of use of motor vehicles, their fittings and contents, whether such vehicles are being operated or not, and wherever the same may be . . . ; and against loss or damage caused by . . . automobiles . . . to the property of another, for which loss or damage any person is liable." G. L. c. 175, § 47, cl. 2.

To restrict such insurance to cases where there has been no violation of criminal law or ordinance would, as said in *Messersmith* v. *American Fidelity Co.* 232 N. Y. 161, 163, "reduce indemnity to a shadow."

The case is within the authority of *Todd* v. *Traders & Mechanics Ins. Co.* 230 Mass. 595. To the same effect is *Messersmith* v. *American Fidelity Co. supra.* See also *Cluff* v. *Mutual Benefit Life Ins. Co.* 13 Allen, 308; 17 A. L. R. 1005 n. It is not governed by *Kelly* v. *Home Ins. Co.* 97 Mass. 288, *Johnson* v. *Union Marine & Fire Ins. Co.* 127 Mass. 555, and *Lawrence* v. *National Fire Ins. Co.* 127 Mass. 557, where the object of the insured in obtaining the policies was to protect and encourage an illegal business.

Inasmuch as the unintentional failure of the defendant Pearlman to have a license to operate her automobile does not as a matter of law bar the plaintiff's recovery, a decree is to be entered for the plaintiff in accordance with the order of the single justice for $4,913.98 damages and $69.99 costs, the amount of the judgment recovered by him against the defendant Pearlman, and interest thereon from the date of judgment, and costs of this suit.

*So ordered.*