SECURITY UNDERWRITERS, INCORPORATED, *v.* ROUSCH MOTOR COMPANY.

[No. 12,986. Filed May 11, 1928. Rehearing denied June 19, 1928. Transfer denied October 26, 1928.]

*Jackiel W. Joseph, Beasley, Douthitt, Crawford & Beasley* and *William J. Henley, Sr.,* for appellant.
*Piety, Kelly & Piety,* for appellee.

McMahan, J.—This is an action by the Rousch Motor Company, appellee herein, against the Security Underwriters, Incorporated, appellant, on a policy of insurance issued by appellant to appellee to indemnify the latter against loss from liability imposed by law upon the insured on account of bodily injury and death accidentally inflicted and caused by the use or operation of an automobile owned by the insured and used as a wrecking car. The policy also covered loss on account of injury to personal property. While the policy was in force, appellee was employed by another to recover and move an automobile that had been mired along the side of a public highway. The wrecker was equipped with a drum or windlass to which a steel cable was attached. In order to move the mired automobile, appellee's servants in charge of the work placed the wrecker on the side of the road opposite the automobile and stretched the cable across the road and attached it to the mired car. It was dark, and appellee's servants did not use any red lights or other signals to warn travelers on the highway of the cable. While the cable was so stretched across the road, Henry Hiatt, driving an automobile owned by him, ran into the cable and damaged his car to the extent of $27.45, which was paid by appellee. Winona Hiatt, riding in the Hiatt car, was injured and later brought suit against appellee and recovered a judgment for $500, which later, with the costs, was paid by appellee. Appellee employed lawyers to defend that action and paid them $300 for their services. Immediately after the accident, appellee gave appellant notice, as required by the policy, and appellant denied any liability claiming the loss was not covered by the policy. Notice was also given appellant of the suit against appellee, with the request that it defend the same as was required by the terms of the policy. Appellant again

denied liability and refused to defend. Appellee recovered judgment against appellant for the total amount so paid out by him on account of the accident, including the amount paid as attorneys' fees; hence this appeal.

Appellant contends that appellee in stretching the cable across the public highway violated a criminal statute and was guilty of the crime of obstructing a highway and that the policy did not cover loss occasioned by the violation of a criminal statute by the assured.

Certain designated losses were excluded from the policy, viz.: losses resulting from operation in any race or speed contest, while automobile was being driven by any person under sixteen years of age or prohibited by law from driving an automobile, or when the automobile was being operated by a person under the influence of intoxicating liquor when such liquor is being carried in the automobile or by the occupant thereof in violation of law or while the automobile is being driven by any one other than the insured or its employees and agents or while carrying persons for hire.

Appellant contends that the policy is a contract to indemnify for loss on account of injuries and damages directly caused by the operation of an automobile and that the damages were caused by a collision with an entirely different instrumentality, to wit, a cable stretched across and obstructing a public highway.

In *Butler Bros.* v. *American Fidelity Co.* (1913), 120 Minn. 157, 139 N. W. 355, 44 L. R. A. (N. S.) 609, the policy excluded losses "caused by reason of the failure of the insured to observe any statute affecting the safety of persons." The insured placed an embankment and log across a public highway. This caused a portion of the road to be submerged by water. A traveler on the highway lost his life as a result of the obstruction which had been placed in and across the road in violation of a statute. The court called attention to the fact that the

statute which had been violated had been enacted to secure to the public the free use of public highways, and not especially with reference to the "public safety of persons," and held that the insurer was liable. "The language of the policy," said the court, "should be construed to refer to such statutes as directly aim to secure the safety of persons engaged in or around dangerous work, as, for instance, laws requiring certain machinery to be guarded. It follows that defendant was bound to settle or defend the action, and was guilty of a breach of its contract when it refused to do so." A judgment against the insurer, for the amount of the judgment which had been recovered against the insured, and for money paid out for lawyer fees in defending the action was affirmed.

In *Fireman's Fund Ins. Co.* v. *Haley* (1922), 129 Miss. 525, 92 So. 635, 23 A. L. R. 1470, the insured was violating the speed laws. The policy did not exempt the insurance company from liability because of the violation of these laws. A judgment in favor of the insured was affirmed.

As was said in *McMahon* v. *Pearlman* (1922), 242 Mass. 367, 136 N. E. 154, 23 A. L. R. 1467: "to restrict such insurance to cases where there has been no violation of the criminal law or ordinance would, as said in *Messersmith* v. *American Fidelity Co.* 232 N. Y. 161, 163, 'reduce indemnity to a shadow.'"

Indeed, our statutes have so covered and regulated the equipment, use and operation of automobiles that liability for an accident can seldom, if ever, be incurred without fault that is also crime. Suppose the owner of an automobile should fail to have his lights dimmed; failed to give the proper signal of his intention to stop or to turn to the right or to the left; was guilty of reckless driving, or had committed some other act of like nature, which, under the statute, is a crime, and an accident had

happened in which the property of another was damaged, would it be reasonable to hold the insurer not liable, unless indemnification therefor was excluded by the terms of the policy?

This is not a case where the insured is seeking to recover damages resulting to him by reason of his violation of a criminal statute, as in *Patterson* v. *Standard Accident Ins. Co.* (1913), 178 Mich. 288, 144 N. W. 491, 51 L. R. A. (N. S.) 583, Ann. Cas. 1915A 632, cited by appellant. The contract of insurance on its face is perfectly legal. It does not purport to indemnify appellee against damages growing out of the violation of law. Appellee, in order to make out a case, was not required to prove any unlawful act. In the Patterson case, the policy stipulated that the insurer would defend any suit brought against the owner of the car on account of automobile accidents. The insured was arrested on a charge of manslaughter arising out of the operation of the car. The insurance company defended a civil suit brought against the insured for damages, but refused to defend the criminal action. Construing the policy as a whole, it was held that indemnity against civil liability only was covered by the policy. "The thing contracted for," said the court, "was protection against risk of liability for injury resulting from accidents in the operation of the automobile, not risk of public prosecution for crimes or misdemeanors committed in the use of them."

The court did not err in overruling the demurrer to the complaint, nor in concluding as a matter of law that appellant was liable.

Judgment affirmed.

Dausman, J., absent.