PAWLICKI *v.* HOLLENBECK.

1. INSURANCE—GARNISHMENT—MOTOR VEHICLES—PRINCIPAL AND AGENT—PROOF OF AGENT'S AUTHORITY.

In garnishee proceedings to recover from insurer amount of judgment obtained against insured automobile driver, plaintiff's claim that insurer is circumscribed in its defenses because its agent interviewed her about a settlement and denied liability on specific ground is untenable, in absence of proof of agent's authority.

2. SAME—MOTOR VEHICLES—INSURER'S LIABILITY GOVERNED BY ISSUES SUBMITTED—PLEADING.

Although declaration in personal injury case, in addition to charging negligence in operation of automobile, also charged negligence in towing of trailer, but case as submitted to jury

On the question as to validity of automobile liability insurance generally, see annotation in 6 A. L. R. 376; 13 A. L. R. 135; 19 A. L. R. 79; 23 A. L. R. 1472; 41 A. L. R. 508; R. C. L. Perm. Supp. p. 3861.

and upon which plaintiff had verdict and judgment was for negligent operation of automobile, insurer may not claim, in garnishment proceedings, that it was not liable because trailer was no part of car.

3. SAME—CONSTRUCTION OF POLICY.
    Policy insuring against liability for personal injury or death caused by operation of automobile by insured may not be construed to show intention of parties that trailer was part of automobile to the extent that a person riding in former was riding in latter, in view of fact that insurer provided insurance on trailers at increased cost.

4. SAME—POLICY CONSTRUED TO EFFECT INSURANCE.
    Automobile insurance policy is to be construed in favor of insured to effect the insurance, and exceptions to general liability provided are to be strictly construed against the insurer.

5. SAME—MOTOR VEHICLES—TRAILERS—INCONSISTENT CLAIMS.
    Insurer who asserts that it did not consider trailer attached to insured's automobile part of the automobile for purpose of liability, may not deem it part of the automobile for exception to liability, in absence of language in policy pointing thereto.

6. SAME—INSURER'S LIABILITY PREDICATED UPON ISSUES ON WHICH INSURED'S LIABILITY WAS PREDICATED.
    Claim by insurer that a trailer attached to automobile increased the hazard and avoided the policy is without merit, where, in action against insured in which judgment was obtained, increased hazard was not shown by testimony, and increased risk because of trailer was not involved in issues upon which insured's liability was predicated.

7. SAME—EFFECT OF VIOLATION OF LAW BY AUTOMOBILE DRIVER.
    Insurer of automobile may not claim that policy was inoperative because insured was driving at an unlawful rate of speed and on wrong side of street in violation of law and in breach of provision of policy that insurer shall not be liable unless driver shall comply with State and municipal law, since practically every negligent injury involves violation of law, and under such construction there would be no consideration for premiums paid and their collection would be a virtual fraud; and, also, language and history of policy show that insurer did not so intend it.

8. SAME—CONSTRUCTION OF POLICY—EXCEPTION WHEN PERSONS
   OTHER THAN OWNER IS DRIVING.

   Where clause in automobile policy providing for nonliability of
   insurer in case of breach of law or ordinance is not general, but
   is stated as an exception in paragraph permitting certain per-
   sons other than owner to drive automobile, such clause is con-
   fined to liability when automobile is driven by said permitted
   persons, and has no reference to liability when the owner is
   driving.

9. EVIDENCE—SETTLEMENT.

   Items entering into a settlement may be shown.

10. SAME—INSURANCE—RECEIPT MAY BE EXPLAINED AND VARIED BY
    PAROL.

    Receipt signed by insured for money received from insurer for
    damages to automobile under insurance policy and reciting that
    the amount paid was in full settlement and payment of all
    claims and demands of any kind or nature held against insurer
    by reason of policy was not contractual in terms and may be
    explained and varied by parol.

11. SAME—PAROL—RECEIPTS.

    Where receipt given by insured to insurer for money received re-
    cited that it was in full settlement and payment of all claims
    under policy, but was given and received to cover damage to
    automobile alone, and neither insured or insurer intended it to
    cover claim for personal injuries to third party which had not
    yet been put in suit, rule permitting the facts to be shown is
    applicable.

12. INSURANCE—USE OF TRAILER BY OWNER FOR OWN PURPOSES NOT
    "USED FOR HIRE."

    Use by insured of trailer to haul chicken feed and small articles
    to and from a farm for his own purposes was not violation of
    clause in policy prohibiting automobile to be "used for hire."

Error to Bay; Houghton (Samuel G.), J. Sub-
mitted January 22, 1930. (Docket No. 77, Calendar
No. 34,591.) Decided March 6, 1930.

Garnishment proceedings by Katherine Pawlicki,
administratrix of the estate of Joseph Pawlicki,

deceased, against Michigan Mutual Auto Insurance Company, garnishee defendant, on judgment recovered from M. Carl Hollenbeck, principal defendant, for personal injuries resulting in the death of plaintiff's decedent. From a judgment for garnishee defendant, plaintiff brings error. Reversed.

*Kinnane & Leibrand,* for plaintiff.

*Robert J. Curry,* for garnishee defendant.

Fead, J. Plaintiff had judgment against defendant Hollenbeck for negligent injuries resulting in the death of Joseph Pawlicki, a minor. Hollenbeck was driving south on the right side of Henry street in Bay City, with a trailer attached to his car, in which Joseph was riding by Hollenbeck's invitation or permission. A car ahead made a right turn into another street, backed out, and started north on Henry street. The cars approached each other, both swung to the east side of the street, there was a collision, Joseph was thrown off the trailer and received the injuries from which he died.

Hollenbeck had insurance in the garnishee company, and plaintiff brought garnishment proceedings against it to recover the judgment. Issues were framed, trial had before a jury, and the court directed a verdict in favor of the garnishee. Several questions are raised.

Plaintiff claims garnishee is circumscribed in its defenses because its agent interviewed her about a settlement and denied liability on a specific ground. There was no proof of the agent's authority. The claim is untenable.

In addition to negligence in the operation of the insured's car, the declaration in the main case charged negligence in the operation and towing of

the trailer. Garnishee contends the trailer was not part of the car, was not covered by the policy, and, therefore, garnishee is not liable for injuries caused by negligence in connection with it; but is only liable for injuries due to the operation of the car itself, under the policy clause:

"Against liability for personal injury or death suffered by any person except occupants of the motor vehicle insured, or members of the assured's family or household, caused by an accident due to the ownership and operation of said insured motor vehicle."

The declaration does not govern liability. The cause of action submitted to the jury and upon which plaintiff had verdict and judgment was for negligent operation of the car itself, as appears from the charge of the court, which presented four claims of negligence:

1. Hollenbeck was driving at an excessive and unlawful rate of speed.

2. He was driving at a speed which, while within the specific statutory limit, was unreasonable.

3. He was driving on the wrong side of the street.

4. He did not exercise due care under the circumstances.

In no way was negligence in connection with the trailer an issue as finally submitted and determined. As Joseph was not an occupant of the car insured nor a member of Hollenbeck's family or household, liability for his injuries and death falls within the general operation of the policy.

In its next point, garnishee reverses its position, and contends the policy should be construed as showing an intention of the parties that the trailer was part of the car to the extent that a person rid-

ing in the former was riding in the latter. No language indicating such intention was pointed out. Garnishee knew the use of trailers, and provided insurance on them at increased cost. The policy is to be construed in favor of the assured to effect the insurance, and exceptions to the general liability provided are to be strictly construed against the insurer. *Kangas* v. *Insurance Co.*, 223 Mich. 238; 32 C. J. pp. 1155, 1157; 36 C. J. p. 1061; *Messersmith* v. *American Fidelity Co.*, 232 N. Y. 161 (133 N. E. 432, 19 A. L. R. 876); *Security Underwriters, Inc.*, v. *Rousch Motor Co.*, 88 Ind. App. 112 (161 N. E. 569); *Kalamazoo Auto Sales Co.* v. *Travelers Insurance Co.*, 227 Mich. 74. As garnishee asserts it did not consider the trailer part of the car for the purpose of liability, it could hardly be held to have deemed it part of the car for exception to liability without language pointing thereto.

Garnishee further contends the attachment of the trailer to the automobile avoided the policy, because it increased the risk and the company agreed only to "indemnify assured as owner of said motor vehicle as regularly equipped by the factory."

The claim that the trailer increased the hazard in the present case was not shown by testimony, nor was increased risk on account of it involved in the issues upon which Hollenbeck's liability was predicated.

Garnishee next urges that the policy was inoperative because Hollenbeck was driving at an unlawful rate of speed and on the wrong side of the street, in violation of law, and in breach of the provision of the policy which reads:

"Automobiles or trucks may be driven by any member of the assured's family of lawful age and duly licensed or assured's paid chauffeur, except

that there shall be no liability on the part of this company under 'this policy unless the driver shall comply with the State and municipal laws where such automobile or truck is being driven,'' etc.

The policy was written, in large part, to indemnify the assured against liability for injuries caused by negligence or so found on trial. Act No. 318, Pub. Acts 1927, details the regulations covering the operation of motor vehicles on highways. By ordinance, municipalities have added a multitude of rules. It may well be doubted whether an instance of negligent injury can be imagined in the operation of a motor vehicle on a highway which does not involve a violation of law. Under garnishee's present contention, the whole public liability phase of the policy, as well as property damage and some of the collision aspects, becomes practically a sham and the collection of premiums therefor a virtual fraud. Not only is such a construction inadmissible as furnishing no consideration for premiums, if another be possible (*Kangas* v. *Insurance Co., supra*), but the language and history of the policy show the insurer did not so intend it.

By its language, the clause providing nonliability in case of breach of law or ordinance is not general, but is stated as an exception, and, therefore, is confined to liability when the car is driven by certain permitted persons. It has no reference to liability when the owner himself is driving. *Ross* v. *Insurance Co.*, 224 Mich. 263, relied on by counsel for garnishee, supports this construction. The record in that case shows that the policy contained both a clause substantially identical with the one at bar and another reading:

''This company shall not be liable hereunder for any claim arising while the automobile described

herein is being operated  *  *  *  by any one in violation of law or contrary to the rules of the road."

The inclusion of both clauses in the former policy demonstrates that the insurer intended a distinction between them. The latter clause is not in the policy at bar. Its exclusion from the latter policy, while repeating the other in practically the same words as before, fairly indicates an intention that the present restrictive provision shall not apply to the owner.

Shortly after the accident, garnishee's agent took Hollenbeck's car and had it repaired. He then presented to Hollenbeck a check for $105.95, drawn to Hollenbeck's order by garnishee, asked him to indorse it, which he did, the agent took the check and paid the repair bill with it. The testimony was undisputed that the agent told Hollenbeck the check was merely in settlement of damages to the car. The only negotiation between them was regarding the cost of painting, and each finally assumed half. At the time, Hollenbeck knew the garnishee denied liability for injuries to Joseph Pawlicki and would refuse to defend a suit. No suit had been begun. The Pawlicki claim did not enter into the settlement for which the check was given. Garnishee, however, contends the receipt was a complete accord and satisfaction, because Hollenbeck signed it and it read:

"Received from Michigan Mutual Auto Insurance Company, $105.95, in full settlement and payment of all claims and demands of any kind or nature whatsoever which I hold against said insurance company by reason of policy No. 41545."

The items entering into a settlement may be shown. *Hicks* v. *Leaton,* 67 Mich. 371. The instrument is a receipt, not contractual in terms, and may

be explained and varied by parol testimony. *Hicks v. Leaton, supra; Brusseau v. Potter's Estate,* 217 Mich. 165; *Paddock v. Hatch,* 169 Mich. 95; 22 C. J. p. 1140. The cases cited by garnishee involved instances where actual settlement was reached upon consideration and discussion of the items afterward sought to be enforced. In such case, receipt in full is conclusive. But where, as here, the receipt was given and received to cover damage to the car alone and neither the assured or insurer intended it to cover the Pawlicki claim, which had not yet been put in suit, the rule permitting the facts to be shown is applicable.

Hollenbeck was using the trailer to haul chicken feed and small articles to and from a farm for his own purposes. The policy prohibited the car to be "used for hire." The use made by Hollenbeck was not within the prohibition.

Judgment reversed, and new trial ordered.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.