HERRIN TRANSFER & WAREHOUSE CO.
v. CARTER PRODUCE CO.

No. 4192.

Court of Civil Appeals of Texas. Texarkana.
April 29, 1932.

Rehearing Denied May 5, 1932.

the collision, for the only evidence offered was respecting the costs of repairs. The evidence conclusively showed the automobile was not demolished nor rendered worthless by the collision, but could be put in good condition by making repairs to the cost of $170.24. The appellant presents the point as error that the measure of damages as submitted by the court to the jury is not an accurate, but is an insufficient, measure of compensation for the loss sustained, when applied to the particular circumstances proven in the case. It is contended that in view of the evidence the correct question to be submitted to the jury for finding of fact was that of the difference in the market value of the automobile immediately before and immediately after the collision. The court then would have a verdict upon the two distinct matters of value, affording the means for ascertaining the actual compensation which ought to be awarded to the owner for the loss sustained. The controlling principle to be applied in the awarding of damages for negligent injuries to property, real or personal, is that the owner shall have actual pecuniary compensation commensurate with the loss sustained and no more. 17 C. J. § 52, p. 716; 1 Sutherland on Damages (3d Ed.) § 12; Sabine & E. T. Railway v. Joachimi, 58 Tex. 456. What are the elements of injury or loss which may be compensated is a legal inquiry which must be determined by the court, and where the details are capable of pecuniary valuation the law affords some standard for measuring compensation for them. The established general standard or rule for measuring the amount of damages for negligent injury to an automobile is the difference between the value of the automobile immediately before and immediately after the injury. 13 Tex. Jur. § 64, p. 150; 5 Tex. Jur. § 59, p. 640. As can be observed from a perusal of the cases cited, labor and expenditures prudently incurred in the necessary restoration to as good condition as before the injury are regarded as elements of damage, and the amount of recovery is usually to be determined by such legal standard of measuring the actual compensation. The owner may rest on proof of the difference in values of the automobile before and after the injury, or may also prove, in addition to the proof of the difference in values, the cost of repairing, showing that this cost is reasonable. In such case the jury nevertheless would have to make special findings of facts under the standard rule as respects the difference in values of the automobile before and after the injury. C., R. I. & G. Ry. v. Zumwalt (Tex. Com. App.) 239 S. W. 912; Thomas v. Goulette (Tex. Civ. App.) 12 S.W.(2d) 829. Where the difference in values, as found by the jury, is less than the cost of repairs, as found by the jury, such excess of the cost of repairs is not recoverable, because, as determined in

Brown & O'Banion, of Marshall, for appellant.

Scott, Casey & Hall, of Marshall, for appellee.

LEVY, J. (after stating the case as above).

The amount of damages to be awarded was made dependent upon the finding of fact made by the jury to the following question: "3. In what sum of money was the plaintiff's car damaged by such collision?" The issue as submitted, in effect, asked of the jury a finding of fact as to the cost of repairing the damage done the automobile in

the cases, such excess amount is not legally accounted as redress in the form of pecuniary compensation commensurate with the loss sustained only, but of advantage in value to the owner. Had the proof in this case conclusively shown the cost of repairs was less and not greater than the value of the automobile before and after the collision, it is doubtful that reversible error should be predicated upon the finding only upon issue No. 3. There being an absence, though, of such proof, and because thereof, the error complained of requires a reversal of the judgment.

■ It is believed the appellant may not, under the rule, be held to have waived the submission to the jury of the proper measure of damages. Hence the objections made in the trial court timely pointing out the omission in instruction is sufficient. Gulf, C. & S. F. Ry. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183; International-Great Northern Ry. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669. The case of Thompson v. Van Natta (Tex. Civ. App.) 277 S. W. 711, and like cases, has not relation, as here, to matters involving rules of law only.

The judgment is reversed, and the cause remanded.