CARLSON and another, Respondents, vs. SCANDIA LIFE INSURANCE COMPANY, Appellant.

*November 6—December 2, 1919.*

*Insurance: Insured entering military service: Provision in policy as to days of grace: Construction given policy by company.*

1. A clause in a life insurance policy allowing thirty-one days of grace for payment of all premiums after payment of the first was properly construed by the trial court as applying to a provision requiring a written permit to be obtained and an extra premium to be paid in case of the assured's entry into the military service, the two provisions not being entirely clear and the company having construed the provision for thirty-one days of grace during which the policy remained in force as applying to the military service provision.

2. Where two constructions are possible, the construction given to clauses of a life insurance policy by the company itself must be considered as very persuasive.

APPEAL from a judgment of the circuit court for Bayfield county: G. N. RISJORD, Circuit Judge. *Affirmed.*

Action upon an insurance policy. The facts were stipulated. One Francis Carlson, deceased, took out a policy of insurance on his life for $1,000 in the defendant company March 6, 1918, payable to the plaintiffs, and paid the first annual premium thereon. The policy was by its terms effective from December 1, 1917, and contained a provision to the effect that after the payment of the first annual premium a grace of thirty-one days would be allowed for the payment of any subsequent premium or instalment thereof, the policy meanwhile continuing in force, but that in case of the death of the insured within the thirty-one days the sum necessary to complete the premium payment would be deducted from the amount of the policy. A subsequent clause of the policy provided that it should be incontestable one year from date of issue except for nonpayment of

premiums or violation of the conditions relating to military or naval service in time of war, and also provided that

"Military or naval service in time of war is a risk not assumed under this policy unless a written permit therefor at a rate of extra premium to be fixed by the company shall be granted; and if without such permit signed by an executive officer of the company, and without payment of such extra premium, the insured shall die while so engaged or within six months thereafter, then the liability of the company under this policy shall be limited to the return of the premiums paid thereon without interest."

Francis Carlson was drafted into the United States military service September 4, 1918, and sent to Camp Grant at Rockford, Illinois. On the 8th of September he sent a letter to the agent of the company stating that he had decided to keep up his insurance and inquiring as to when he must begin paying the extra premium of $37.50. To this letter the company replied September 16th stating that there was inclosed a request for him (Carlson) to execute if he desired to have a military permit attached to his policy, and that

"When returning this request for permit you will kindly also return your policy in order that it may be changed to suit the conditions. The company's rule requires that the application and payment for a permit should be made within thirty-one days after entering military service and the rate of premium for the permit is $37.50 per thousand per annum. Accordingly you should remit the proportionate part of $37.50 to cover the permit from the date you entered military service until December 1, 1918. Extra premiums are payable at the same time regular premiums on the same policy are payable."

The insured was thereafter sent to Camp Hancock, Georgia, and died in the military hospital at that camp while still in the service, October 2, 1918, having never been an actual combatant. Proofs of death were duly furnished.

The trial court found that the policy continued in force under its terms until thirty-one days after September 4, 1918, and rendered judgment for the plaintiffs for the face of the policy less the proportionate part of the extra military premium for the year ending December 1, 1918. The defendant appeals.

The cause was submitted for the appellant on the brief of *Geo. F. Merrill* of Ashland, and for the respondents on that of *A. W. MacLeod* of Washburn.

Winslow, C. J.   The trial judge construed the clause of the policy allowing thirty-one days grace for the payment of all premiums after the payment of the first annual premium as applying to the provision requiring a written permit to be obtained and an extra premium to be paid in case of entry into military service. The insured having died within the thirty-one day period, the conclusion that the company was still liable on the policy naturally followed.

It might be somewhat doubtful whether this construction of the two provisions would be the most logical as an original proposition. However, the meaning of the two provisions cannot be said to be entirely clear; and in a case where two constructions are possible, the construction given to them by the company itself must be considered as very persuasive. Certainly in such case the company should not complain if that construction be adopted by the court. It is very clear that the company construed the provision for thirty-one days of grace during which the policy continued in force as applying to the ·military service provision, and we think under the circumstances of doubt as to the logical construction the trial judge was right in following the company's construction.

*By the Court.*—Judgment affirmed.