KALAMAZOO AUTO SALES CO. *v.* TRAVELERS INSURANCE CO.

1. INSURANCE—PUBLIC LIABILITY POLICY—MARINE INSURANCE.
    In an action by an automobile sales agency on a public liability insurance policy, the fact that the injury sued on was caused on an inland lake instead of on a public highway would not of itself preclude recovery if the accident is otherwise within the coverage of the policy, although defendant does not write marine insurance.

2. SAME—POLICY WILL NOT BE CONSTRUED TO LIMIT LIABILITY.
    Where the policy does not itself limit liability to those accidents which occur at the location of the garage fixed at a definite place in certain items in the policy, the court should not so limit it by construction.

3. SAME — POLICY — CONSTRUCTION — CONSTRUED MOST STRONGLY AGAINST MAKER.
    The policy should be considered in its entirety, and, if it is ambiguous, must be construed most strongly against the defendant, who prepared it.

4. SAME—SHOULD BE SO CONSTRUED AS TO SERVE PURPOSE INTENDED.
    In construing the policy, the court should not indulge in a strict construction to defeat liability, but, taking into consideration the policy as a whole, should indulge in such construction as will give it force for the purpose it was intended to serve.

5. SAME—LIABILITY OF INSURER TO INDEMNIFY FOR PERSONAL INJURIES — WHETHER INJURIES CAUSED INCIDENTAL TO BUSINESS QUESTION OF FACT.
    In an action by an automobile sales agency against an insurance company to recover the amount paid for personal injuries caused by a motor boat owned by plaintiff with which it was entertaining prospective purchasers of automobiles at the summer cottage of its president, the question as to whether such entertainment was necessary and incidental to the conduct of its business and therefore covered by the terms of its policy, *held,* under the testi-

mony, properly submitted to the jury as a question of fact. CLARK, C. J., and BIRD and SHARPE, JJ., dissenting.

Error to Kalamazoo; Weimer (George V.), J. Submitted January 25, 1924. (Docket No. 47.) Decided May 8, 1924.

Assumpsit by the Kalamazoo Auto Sales Company against the Travelers Insurance Company on a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Fred L. Vandeveer,* for appellant.

*Harry C. Howard,* for appellee.

Plaintiff is a corporation engaged extensively in the sale of automobiles both at retail and wholesale. For a number of years it carried public liability insurance with defendant company, and at the time of the happening of the events presently related held a policy issued by defendant. Such of its provisions as are deemed important by defendant's counsel are set out in his brief and we here quote them:

"The insurance clause was:

" 'Does hereby agree with the assured, named and described as such in the declaration forming a part hereof, as respects bodily injuries accidentally sustained, including death at any time resulting therefrom as follows: 1. To indemnify the assured against loss by reason of the liability imposed upon him by law for damages on account of such injuries.'

"The following was the coverage:

" 'V. This agreement shall apply to such injuries sustained by any person or persons except those employed by the assured or to whom the assured may be held liable under any workmen's compensation law, scheme or plan. This agreement shall not apply to any such injuries caused by any person employed by the assured in violation of law as to age, or if there is no legal age limit, under the age of fourteen years, nor regardless

of legal age limit, under the age of sixteen years in the operation of any automobile.

" 'VI. This agreement shall apply to such injuries so sustained if caused by work incidental and necessary to the conduct of the automobile sales agency, service station or public garage, located and described in said declarations, which, for the purpose of this insurance, shall include the work of making ordinary repairs for the preservation of machinery or buildings and the renewal of existing mechanical equipment, and shall also include all structural or mechanical repairs to automobiles or their parts, if undertaken by the assured as a part of the work herein defined.   This agreement shall also apply to such injuries so sustained if caused by the ownership, maintenance or operation, within the limits of the United States of America or the Dominion of Canada, of any style, type or make of automobile, tractor or trailer, for any and all purposes in connection with the work herein defined, including pleasure use but not the livery use of automobiles nor the carrying of passengers or property for an actual consideration, except as hereinafter provided, no such automobile shall be so operated except by a proprietor or an active executive officer whose name and remuneration is included in division 1 of item 3 of said declarations, or by other employees of the assured whose remuneration is or shall be included in said division 1.   If division 2 of item 3 of said declaration contains a disclosure of estimated livery earnings as therein defined and provided, this agreement shall also apply to (a) the renting or hiring of private passenger automobiles for the carrying of passengers subject to call from within the premises covered hereby only.   *   *   *

" 'VII. This agreement shall apply to such injuries so sustained (a) while at, within or upon the agency station or garage located and defined in said declarations, or the public ways immediately adjoining, and (b) while elsewhere as hereinbefore limited, if caused by proprietors or employees of the assured, as above provided, engaged as such, in the business operations described in said declarations, while in the discharge of their duties in connection with such operations.   *   *   *

" 'VIII. This agreement shall apply to such injuries so sustained by reason of accidents occurring during the policy period, limited and defined as such in item 2 of said declarations.

" 'IX.   *   *   *

" 'A. For all purposes except passenger and commercial livery service, as herein elsewhere defined, the premium is based upon its entire remuneration, subject to the provisions of said declarations, earned during the policy period, by all employees of the

assured, including proprietors, active executive officers, salesmen, clerical office force, and all other employees engaged in the business operations described in said declarations. * * *

" 'K. The statements in items 1 to 8, inclusive, in the declarations hereinafter contained, are true; those stated as estimates only are believed to be true. This policy is issued upon such statements and in consideration of the provisions of the policy respecting its premium and the payment of the premium in such declarations expressed.'

"Location and time of coverage was:

" 'Item 2. The period during which the policy shall remain in force, unless canceled as in the policy provided (herein called the policy period) shall be from September 15, 1921, to September 15, 1922, at twelve and one minute o'clock a. m. Standard time, as to each of said dates at the place where any operation covered hereby is conducted, as respects that operation, or at the place where any injury covered hereby is sustained, as respects that injury.

" 'Item 3. Location of all automobile sales agencies, service stations, and public garages, by State, town or city with street and number: West Main street, Kalamazoo, Kalamazoo county, Michigan.

" 'All agency, service station and garage operations, including the executive and operative management thereof, and the clerical service connected therewith, conducted at or from the locations and premises defined above, as declared in each instance, by a disclosure of the estimated remuneration of all employees, or by a disclosure of actual gross livery earnings, or by both, under such of the following divisions as are undertaken by the assured. 1. All such operations defined in this division, including all proprietors and active executive officers, all salesmen, all clerical office employees and all other employees of any kind engaged upon, or in connection with these operations. 2. All passenger or commercial livery operations.

" 'All work incidental and necessary to the conduct of the automobile sales agency, public garage, or automobile service station as above located, including the ownership, maintenance or operation of any style, type or make of automobile, tractor, or trailer, for any and all purposes in connection with such business, including pleasure use but excluding livery use. The carrying of passengers for a consideration or the renting or hiring of automobiles to others whether for the carrying of passengers or property cannot be included in this division but may be covered by proper disclosures in division 2 following:

" 'Name of proprietors or active executive officers agreed remuneration for the policy period: H. B. Parker, president, $2,000.

" 'Location: As above.

" 'Estimated total remuneration for the policy period rate per $100 up to $10,000, $10,000 to $25,000 estimated premium, $437.50.

" 'Opposite the name of H. B. Parker, president, remuneration $2,000. Estimated total remuneration for the policy year, $2,000, rate $1.85 per $100. Estimated premium, $37. Minimum premium, $75; total, $75.00. * * *

" 'Item 5. The foregoing enumeration and description of employees include all persons in the service of the assured in connection with the business operations above described to whom remuneration of any nature in consideration of service is paid, allowed, or due together with an estimate for the policy period of all such remuneration. The foregoing statement of livery earnings is an estimate for each stated class for the policy period. The foregoing estimates of remuneration and livery earnings are offered for the purpose of computing the advance premium. The company shall be permitted to examine the books of the assured at any time during the policy period, or any extension thereof, or within one year after its final termination, so far as they relate to the remuneration earned by any employee of the assured or the gross livery earnings while the policy was in force.

" 'Item 6. The assured is conducting no other business operations at this or any other location not herein disclosed—except as hereinafter stated—no exceptions.

" 'Item 7. No similar insurance has been canceled by any insurance carrier during the past year except as herein stated.

" 'Item 8. The following signature is authorized and accepted by the assured as his signature.

" 'Copy of signature to proposal: Kalamazoo Auto Sales Company, per H. B. Parker, president. Dated September 9, 1921.' "

It is the claim of the plaintiff that it is indemnified and defendant is liable to it under this policy in the sum of $2,540.93, which it paid to Mrs. Dennis Malloy for injuries received by her. The basis of such claim and the manner of the accident may be thus stated: Harry B. Parker, the president and general manager of plaintiff, owns a cottage on an island in Gull lake some 12 or 13 miles from Kalamazoo; he has small motor boats for his personal use there. Plaintiff

owns and has on Gull lake a large motor boat which it uses in connection with Mr. Parker's cottage in entertaining its prospective customers, its distributing agents and officers of the companies from whom it purchases automobiles. On the evening of July 1, 1922, while entertaining prospective customers at Gull lake plaintiff's boat collided with a rowboat occupied by Mrs. Malloy, causing her such serious injury that she was confined in a hospital for a considerable time and suffered an amputation of one leg below the knee. She made claim against plaintiff company and upon defendant's denial of liability and its refusal to assume the defense or make any adjustment with her, plaintiff, upon the advice of counsel, settled her claim and that of her husband at the figure above named.

To sustain its theory of the case, plaintiff introduced the testimony of its officers and other dealers in automobiles tending to show that such entertainment as above detailed was incidental and necessary to the conduct of an automobile sales agency; that other sales agencies own motor boats used in such manner; that plaintiff entertained through Mr. Parker 25 or 30 dealers out at the lake, used the boat in entertaining them, and established relationships with such dealers as could not otherwise be done; that at one time it was hard to get cars of a certain make and Mr. Parker invited the vice president of the company to spend a week at the lake which he did and that he there entertained him at his cottage, using the company boat, and succeeded in getting a large shipment of cars when other dealers were without cars to sell. Defendant by appropriate objections to the testimony, request for a directed verdict and motion for judgment *non obstante veredicto* raised the question of its liability. The trial judge accepted plaintiff's theory of the case and submitted the case to the jury, charging them:

"It is for you, as jurors, to say whether or not at the time of the accident on Gull lake last summer the use of the motor boat in question was incidental and necessary to the conduct of the plaintiff's automobile sales agency.    That seems to be, I say, the only disputed question of fact to be submitted to you as jurors.

"If you find by a preponderance of the evidence, that is, the greater weight of evidence, the over-balancing of all the evidence, that the use of the motor boat at the time in question, on the occasion in question, was incidental and necessary to the conduct of the plaintiff's auto sales agency, then your verdict should be for the plaintiff company for the full amount of $2,540.93 with interest at five per cent. from October to this date."

FELLOWS, J. (*after stating the facts*).    Defendant is not relieved from liability because the accident happened on one of the inland lakes of the State.    Defendant does not write marine insurance, but it does insure against liability for accidents, and the fact that the accident occurred on an inland lake instead of on a public highway does not of itself preclude recovery if the accident is otherwise within the coverage of the policy.

The policy does not itself limit liability to those accidents which occur at the location of the garage fixed at a definite place in items 3 and 6, and we should not so limit it by construction.    By paragraph VII of the policy accidents at the garage are provided for in (*a*) and "elsewhere" in (*b*).    The policy is to be considered in its entirety and if it is ambiguous must be construed most strongly against defendant, having been prepared by it.    We should not indulge in a strict construction to defeat liability and should take into consideration the policy as a whole and indulge in such a construction as will give it force for the purpose it was intended to serve.

Upon the main question involved both counsel submit the case as one of first impression.    In the limit of

time at our disposal we have found but one case which approximates it. In *Frint Motor Car Co.* v. *Assurance Corp.*, 173 Wis. 109 (180 N. W. 121), the plaintiff was an automobile sales agency. For the purpose of demonstrating and advertising its cars it entered them in automobile races; one Healey was a mechanic in its employ and during the races was a "pitman" near the edge of the race track. He had been ordered not to go upon the track. During a race one of plaintiff's cars was in trouble and he went upon the track and was killed. Liability of plaintiff to his dependents was sustained in *Frint Motor Car Co.* v. *Industrial Commission*, 168 Wis. 436 (170 N. W. 285), and thereupon this action was brought by plaintiff against defendant, its insurer. In the policy under the heading "Description of Work Covered by this Policy and Classification of Risk" appeared the following:

"(*a*) All operations [not included in subdivision (*b*) and (*c*)] necessary and incidental to the performance of the work herein described as follows:

"Operating automobile salesroom, garage and repair shop. The buying, selling, demonstrating and dealing in automobiles throughout the State of Wisconsin.

"(*b*) Work done at the shops, yards or other work places or premises of the assured as above located, or work done in connection with or preparation for the work described in (*a*) foregoing (mining or blasting excluded).

"(*c*) Elective officers—office duties only, excluded.

"Executive officers superintending or doing manual labor, if any."

Defendant denied its liability for an accident so circumstanced and in addition to its general denial insisted that racing was uninsurable and that plaintiff well knew this fact. In sustaining liability it was said by the court:

"The claim of knowledge of respondent that racing was uninsurable is further based upon the fact that

227—Mich.—6.

it had been refused a personal accident policy upon a race driver. This seems to us as an entirely different matter from the insurance, under the compensation act, of a whole automobile business, including all the employees engaged in the various activities not infrequently carried on by those in the business, including such duties as were performed by Healey, at occasional races on fair grounds and tracks in the territory where they did business, for the purpose of showing off and advertising their cars."

In paragraph VI of the policy before us occurs the following language:

"This agreement shall apply to such injuries so sustained if caused by work incidental and necessary to the conduct of the automobile sales agency, service station or public garage, located and described in said declarations." * * *

While to the uninitiated it may appear a far cry to say that such entertainment of prospective customers as this record discloses was incidental and necessary to the conduct of an automobile sales agency, we can not substitute our want of knowledge on the subject for the positive testimony appearing in this record. By such testimony this question was made a question of fact for the jury. It was properly submitted to them.

The judgment will be affirmed.

McDONALD, MOORE, STEERE, and WIEST, JJ., concurred with FELLOWS, J.

SHARPE, J. (*dissenting*). It is a little difficult to determine the nature of the liability assumed by defendant unless we eliminate from the contract of insurance those provisions which are not here applicable.

The defendant agrees:

1. To indemnify the assured against loss by reason of the liability imposed upon it by law for damages on account of bodily injuries accidentally sustained, including death at any time resulting therefrom, ex-

cept as to those employed within the provisions of the workmen's compensation law and those employed in violation of law, etc.

The injuries are particularly indicated in paragraph VI as those—

*"sustained if caused by work incidental and necessary to the conduct of the automobile sales agency, service station or public garage,"* operated by plaintiff, and "shall include the work of making ordinary repairs for the preservation of machinery or buildings and the renewal of existing mechanical equipment, and shall also include all structural or mechanical repairs to automobiles or their parts, if undertaken by the assured as a part of the work herein defined."

Also, to such injuries

"if caused by the ownership, maintenance or operation * * * of any style, type or make of automobile, tractor or trailer, for any and all purposes in connection with the work herein defined, including pleasure use but not the livery use of automobiles for the carrying of passengers or property." * * *

This is followed by a provision that if the declarations contain a disclosure of estimated livery earnings the contract shall apply to the renting or hiring of automobiles for carrying passengers subject to call, etc.

The seventh paragraph limits the liability to injuries so sustained (*a*) while at, within or upon the agency station or garage as located and defined, and "the public ways immediately adjoining," and—

"(*b*) While elsewhere as hereinbefore limited, if caused by proprietors or employees of the assured, as above provided, engaged as such, *in the business operations described in said declarations, while in the discharge of their duties in connection with such operations."*

Under the terms of the contract, the declarations are made a part of it.    Two of them read:

"Classifications of Operations.

"1. The ownership, maintenance or operation of any style, type, or make of automobile, tractor, or trailer, for any and all purposes in connection with the business of conducting an automobile sales agency, public garage, or automobile service station as above located, including pleasure use but excluding livery use. The carrying of passengers for a consideration or the renting or hiring of automobiles to others (whether for the carrying of passengers or property) cannot be included in this division but may be covered by proper disclosures in division 2 following.

"The assured is conducting no other business operations at this or any other location not herein disclosed —except as herein stated: no exceptions."

In the business which plaintiff was conducting, as disclosed by its declarations, there was danger that third persons might be injured. Such danger always exists when automobiles, tractors or trailers are being operated. To protect itself against this hazard, plaintiff secured the indemnity provided for in the contract. In order to ascertain whether the accident which happened is within the terms of the liability assumed by defendant, we must examine the contract as a whole. In doing so, we must place such a construction upon uncertain provisions as will be most favorable to the plaintiff. In an effort to arrive at the intention of the parties, we must read the contract in the light of the circumstances under which it was entered into. *Ferris* v. *Wilcox,* 51 Mich. 105 (47 Am. Rep. 551); *Grieb* v. *Cole,* 60 Mich. 397 (1 Am. St. Rep. 533).

No claim is made by plaintiff that defendant's agent had any knowledge that plaintiff had this motor boat or made use of it for the purpose for which it was being used at the time Mrs. Malloy was injured. Neither is there any sufficient proof of a custom or usage by persons employed in the business then being conducted by plaintiff to maintain and use a motor boat for such a purpose as to charge defendant with

notice thereof. Plaintiff's president testified that he knew of but two other agencies who used a boat for such a purpose. *Schurr* v. *Savigny,* 85 Mich. 144; *Kenyon* v. *Charlevoix Improvement Co.,* 135 Mich. 103.

To hold the defendant liable, we must find that the use to which the motor boat was then put was a "work incidental and necessary to the conduct of the automobile sales agency." In its declaration above quoted, plaintiff informed defendant that it was conducting such an agency and was using automobiles, tractors and trailers in its operation. The defendant in the sixth paragraph assumed liability for all injuries sustained if caused by the ownership, maintenance or operation of any such vehicles. Had the words "motor boat" followed "trailers" in the declaration or sixth paragraph, the defendant would have been advised or at least put upon inquiry as to the nature of the work being performed by such a boat in connection with the business being conducted by plaintiff.

"The expression in a contract of one or more things of a class implies the exclusion of all not expressed, although all would have been implied had none been expressed." 9 Cyc. 584 (quoted with approval in *Thomson Electric Welding Co.* v. *Wire Fence Co.,* 190 Mich. 496, 502).

The omission of the words "motor boat" would not, however, relieve defendant if, after applying the rule stated, the use of the boat for such a purpose was a "work incidental and necessary to the conduct" of its sales agency. The proofs tend to show that plaintiff's purpose in maintaining and operating the boat was to enhance its sales and secure delivery of cars, and that its business had been benefited thereby. While it is a well-known fact that salesmen entertain prospective customers, and that corporations and individuals engaged in certain lines of business extend hospitality to their sales force and to manufacturers

from whom they make purchases, with the expectation of benefit therefrom, the liability under such a contract as we have here cannot be extended to cover accidents occurring while doing so, unless that which is so done is fairly included in the language imposing liability.   We are impressed that the act of the president in using this boat for the purpose stated by him at the time of the accident was not a work so "incidental and necessary" to the conduct of plaintiff's business as to bring it within the scope of the liability assumed by defendant under the contract.   Had the company owned a private game preserve and invited the persons who were at times its guests on this boat to enjoy its privileges with its president and an accident there occurred, a similar question would be presented.   Without more specifically including such accidents in the contract, we are persuaded that liability therefor does not attach.

The judgment rendered should be set aside and one entered for the defendant.

CLARK, C. J., and BIRD, J., concurred with SHARPE, J.