## SUTTON et al. v. HAWKEYE CASUALTY CO.

No. 9533.

Circuit Court of Appeals, Sixth Circuit.

Dec. 1, 1943.

Will Allen Wilkerson, of Chattanooga, Tenn. (Wilkerson & Wilkerson, of Chattanooga, Tenn., on the brief), for appellants.

Alvin O. Moore and Silas Williams, both of Chattanooga, Tenn. (Williams, Reynolds & Moore, of Chattanooga, Tenn., on the brief), for appellee.

Before HAMILTON, MARTIN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

The Hawkeye Casualty Company issued an automobile insurance policy, to run for a period of one year, to Jack White, in Kalamazoo, Michigan, on May 8, 1941. One of the provisions of the policy, under the heading of "Warranties," is as fol-

lows: "The automobile will be principally garaged and used in the above town, township, county and state (Kalamazoo, Michigan) unless otherwise specified herein—No exceptions." In a subsequent portion, it is provided: (1) that the policy issued " * * * in consideration of the payment of the premiums and of the statements contained in the Warranties, which statements the Assured makes and warrants to be true, * * *"; and (2) that "This policy shall be void in event of violation by the Assured of any agreement, condition or breach of any warranty contained herein. * * *" The area liability of the policy was stated to be anywhere within the United States or Canada.

In the latter part of October, or the first part of November, 1941, White moved his residence from Kalamazoo to Chattanooga, Tennessee, where he worked as a taxicab driver with the Yellow Cab Company, and where he continued to reside until, at least, March 21, 1942. He did not use the insured car in the taxicab business, but on the day above mentioned, while driving it for pleasure, he was involved in an accident.

The injured parties, appellants herein, brought suit against White; and the Hawkeye Company, thereupon, filed a complaint, asking for a declaratory judgment with regard to its liability under the policy. The District Court held that the provision stating that the principal use of the automobile was to be in Kalamazoo, Michigan, was a promissory warranty, breached by White, and that the policy was thereby vitiated.

■ The insurance contract was executed in Michigan and the law as announced by that state is here controlling, where applicable.

The question presented on appeal is whether the statement as to where the automobile would be principally used was merely an expression of the intention or expectation of the assured, or whether it was a warranty, agreement, or condition of the policy.

■ Whether a statement is a warranty or not depends upon the intention of the parties, which is determined from the language employed and the subject matter to which it relates. Convis v. Citizens' Mut. Fire Ins. Co., 127 Mich. 616, 86 N.W. 994. Policies of insurance are to be construed in favor of the assured to effect the insurance, and exceptions to the general liability provided are to be strictly construed against the insurer. Pawlicki v. Hollenbeck, 250 Mich. 38, 229 N.W. 626; Zabonick v. Ralston, 272 Mich. 247, 261 N.W. 316. Courts should not indulge in a strict construction of an insurance policy to defeat liability, but should take into consideration the policy as a whole and indulge in such a construction as will give it force for the purpose it was intended to serve; for, if possible, the construction of the language used should be such as to make it of some value to the insured. Kalamazoo Auto Sales Co. v. Travelers' Ins. Co., 227 Mich. 74, 198 N.W. 579; Elliott v. Casualty Ass'n of America, 254 Mich. 282, 236 N.W. 782.

As an instance of the construction of policies containing warranties, it is held that where a policy, in addition to stating that the answers of insured in an application are warranted by him to be true in all respects, contains the additional statement that if the policy has been obtained by or through any fraud, misrepresentation, or concealment, it shall be absolutely void, such additional statement is persuasive toward treating the answers as mere representations and not as warranties, since, in that way only, may the provision relating to fraud, concealment and representation, be of any effect. Continental Life Ins. Co. v. Rogers, 119 Ill. 474, 10 N.E. 242, 59 Am.Rep. 810.

■ The policy in the instant case provided that it would be void "if the Assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or in case of any fraud, attempted fraud, or false swearing by the Assured touching any matters relating to this insurance or the subject thereof, whether before or after a loss or accident." In accordance with the above-noted construction of an insurance policy, the so-called warranty in the instant case, even if it had been one of existing fact, would be construed as a representation rather than a warranty, especially to avoid a forfeiture.

■ However, a review of certain of the terms of the policy here involved, throws light upon the interpretation to be given the contract. The language of the policy in the instant case commences with the single word "Warranties," printed at the top of the first page. Thereafter, follow nine paragraphs. Of these, several are ob-

viously not warranties, but mere descriptive statements, such as, length of the policy period, description of the automobile, and the risks insured by the company—which does not warrant or represent anything under the heading "Warranties." At the outset, it may be remarked that the designation of a provision in an insurance policy as a warranty is not conclusive that it is one, for there may be warranties without the use of the word, and statements may not be warranties, even though the word is used. Teeple v. Fraternal Bankers' Reserve Society, 179 Iowa 65, 161 N.W. 102, L.R.A.1917C, 858. There is no language of covenant or agreement between the parties on the first page, which purports to be signed, at the bottom thereof, by the insurer but not by the assured.

■ On the second page of the policy, it is provided that the company agrees with the assured "named in the Warranties made a part hereof, in consideration of the payment of the premiums and of the statements contained in the Warranties, which statements the Assured makes and warrants to be true. * * *" This would indicate an understanding of the parties that any statements that might be conceived to have been made as warranties by the assured, were warranties of existing facts. The statement as to where the automobile would be used was prospective; and if the only statements to be considered warranties, were statements of existing facts, then the provision as to the future use of the automobile would not be a warranty. Nor is undue weight to be attached to the fact that the provision as to future use of the automobile is found under the statement of "Warranties." Of course, it is provided that the assured makes and warrants to be true "the statements contained in the Warranties." But this is not to say that all such statements in the "Warranties" are warranties by the assured. Many are mere recitals of identification or description. The assured, obviously, warrants nothing about them. The limits of liability specified by the insurer, for instance, are found under the statement of warranties. But the assured could not be said to make that statement or to warrant it to be true.

■ However, since the statement in question was not a warranty of an existing fact, it may be considered whether it was a so-called promissory warranty. Such a warranty is usually regarded as a condition subsequent, violation of which would defeat recovery under an insurance policy. Conditions subsequent, when relied upon to work a forfeiture, must be created by express terms or by clear implication, and are to be strictly construed against the insurer.

■ Considering the statement as to where the car was to be used, in the light of a promissory warranty or condition subsequent, requires a conclusion that it was the intent of the agreement that the assured undertook to use the automobile principally in Kalamazoo, and that there should be no insurance protection if the car were principally used elsewhere. The only way such an intention can be found, is to consider the statement in question as an express undertaking on the part of the assured, and that it was intended that his failure to fulfill this undertaking would void the insurance, relieving the insurer from all liability by virtue of the final paragraph of the policy, which provides that it would be void "in event of violation by the Assured of any agreement, condition or breach of any warranty contained herein. * * *"

Nowhere in the body of the policy is to be found an explicit undertaking or any agreement on the part of the assured that he would use the car principally in Kalamazoo; and although there are numerous provisions in the body of the policy, under the heading of "Conditions, Limitations, and Agreements," there is nowhere to be found therein any reference to an exclusion, limitation, or agreement with regard to where the automobile was to be used. Moreover, it is provided that the policy applies to all losses during the insurance period, while the automobile is being used in the United States of America or Canada.

With this wide coverage, it was assumed by the parties, that the automobile might be used almost anywhere on the North American continent. Assuredly, it could be used, with the insurance coverage, on trips or tours that might consume months of driving. Were we required to construe the statement set forth under "Warranties," as to place of principal use of the automobile, strictly as a warranty or condition against the assured—rather than against the insurer—it would yet seem that the use of the automobile anywhere in Canada or the United States for a lesser period of time than the use thereof in Kalamazoo, would be within a warranty

that the car would principally be used in the latter place.

■ All the evidence in the case appears by way of stipulated facts, and it is to be noted that there is no evidence as to whether the automobile was, in fact, used "principally," or more frequently, or more continuously, in Kalamazoo than in Chattanooga. It does affirmatively appear that during his residence in Chattanooga, up to the time of the accident, the assured was driving another automobile in the taxicab business in which he was engaged. From the foregoing we could not assume, in order to discharge the insurer from liability, that the automobile, during the policy period, was principally used in Chattanooga, rather than in Kalamazoo. The burden of proving forfeiture is upon the insurer.

■ It is urged by counsel for the insurance company that, since the assured changed his residence and removed the car to his new home, the principal use of the car was then at the place of new residence, and the warranty or condition was thereby violated. But, there is no mention in the policy of any provisions relating to notice of change of address of the assured, change of residence, or removal of the automobile outside the state, which are often found in similar insurance policies—all of which is suggestive that such eventualities would have no effect upon the protection extended by the policy. Furthermore, if the assured used his car during several months on a trip or a visit, for a lesser period than he used it at his stated place of residence, it could be similarly urged that, at that time, the car was no longer principally used in Kalamazoo. But such a contention would be without merit. For even though the policy be construed in favor of the insurer, it is seen that provision is made for these very contingencies by the extending of protection for any use in Canada or the United States, subject only to the stipulation that the car would be principally used at the place mentioned in the policy. The assured used his car approximately six months of the yearly insurance period, in Kalamazoo, before changing his residence and had, at most, used it for only four months in Chattanooga before the time of the accident— which would be taken as the date determining the period to be considered on the question of where the principal use of the car had been made. The foregoing can be viewed as sustaining appellants' not unreasonable contention that the car was, in fact, principally used in Kalamazoo up to the time of the accident, and that there was, therefore, no breach of promissory warranty or condition, no matter how the provision in question be construed.

■ Not alone, however, to the contention that the use of the vehicle actually complied with the claimed promissory warranty, but also to the requirement that clauses of warranty, condition, exclusion, and forfeiture, be certain and explicit, is the adoption of the phrase, "principally used," relevant. "Principally" is a vague, indefinite, uncertain term. Here it is sought, by the use of that term, to limit the use of the automobile to a specified locality, while at the same time, the parties, without qualification, expressly authorized its use during the period of a year, anywhere in Canada or the United States.

■ Whether the statement under the heading of "Warranties" be considered a promissory warranty or a condition, the uncertain language must be construed strictly against the insurer and liberally in favor of the assured, to effect the insurance. Furthermore, in determining whether the statement be a promissory warranty or merely an expression of expectation on the part of the assured, a like construction is indulged against the insurer to avoid a forfeiture. If insurance companies wish to exact from insured persons, warranties and agreements as conditions to a valid contract, the terms of the policy to that effect must be so clear as to exclude any other conclusion. See Moulor v. American Life Ins. Co., 111 U.S. 335, 341, 4 S.Ct. 466, 28 L.Ed. 447.

■ The statement that the automobile would be principally used in Kalamazoo could, by itself, be understood as a statement of expectation, as fairly as an undertaking that the owner bound himself to such a use, under penalty of having the policy considered void. The provisions of forfeiture were not sufficiently explicit; and clauses of forfeiture in an insurance contract must be explicit. Residence Fire Ins. Co. v. Hannawold, 37 Mich. 103. Certainly, the intent of the parties, as gathered from the language of the policy, with regard to this provision, is not so clear as to exclude the conclusion that it was stated as an expression of intention on the part of the assured, and that it was not intended that the policy should be void as a result

of change of residence and use of the car elsewhere. Liberally construed with the other provisions, in favor of the assured, the statement in question is to be interpreted as merely a representation of intention on the part of the owner, rather than as a warranty, condition, or agreement.

The indefinite phrasing of the statement relied upon as a condition of the contract, when considered in connection with the broad coverage of the policy, its susceptibility of different interpretations, and the requirement that the language be construed to effect the insurance unless it is so clear as to preclude any other construction, likewise commands a construction in favor of the assured against forfeiture.

References by appellants to the Michigan Motor Vehicle Financial Responsibility Act, Comp.Laws Supp.Mich.1940, § 4685-51 et seq., are not here applicable. It does not appear that the policy was required by the statute and the burden is upon appellants to prove this fact. See Cohen v. Metropolitan Casualty Ins. Co., 233 App. Div. 340, 252 N.Y.S. 841.

The judgment is reversed and the case remanded for further proceedings in accordance with this opinion.