**Lester R. COOPER and Allstate Insurance Company, Skokie, Illinois, Plaintiffs,**

**v.**

**Herbert H. PUSE, Kathryn Puse, Judy Puse, a minor, Jane C. Puse, a minor, and American Employers' Insurance Company, Defendants.**

**Civ. No. 8401.**

United States District Court
N. D. Ohio, W. D.

Jan. 17, 1964.

Eastman, Stichter, Smith & Bergman, Frank E. Kane, Jamille G. Jamra, Toledo, Ohio, for plaintiffs.

Lee H. Schminck, Toledo, Ohio, for defendants Puse.

Gerald P. Openlander, Toledo, Ohio, for defendant American Employers' Insurance Co.

KLOEB, District Judge.

Plaintiff, Lester R. Cooper, of Elkhart, Indiana, was a friend and fellow trainman with Glenn Maurer, also of Elkhart, and their work required them to ride by train from Elkhart to Toledo where, on occasion, they would remain over night and then travel back to Elkhart. Plaintiff, Allstate Insurance Company, had a policy of insurance on the automobile of plaintiff Cooper and, in this policy, there

was the following provision pertaining to the use of a non-owned automobile:

"Allstate shall not be liable under this Part 1 for a greater proportion of any loss than the applicable limit of liability stated on the Supplement Page bears to the total applicable limit of liability of all collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or a non-owned automobile shall be excess insurance over any other collectible insurance."

On October 19, 1955, Glenn Maurer and a co-worker, Jack Strintz, purchased a Chevrolet automobile and, between that date and May 27, 1956, Maurer acquired the interest of Strintz in the automobile and, on the latter date, as sole owner of the Chevrolet, Glenn Maurer and his wife, Shirley Maurer, were issued a policy of insurance known as a family policy by defendant The Employers' Liability Assurance Corporation, Ltd., which covered two automobiles, one of them the Chevrolet in question. This insurance policy was thereafter renewed annually on the 27th day of May for a period of one year and, including the renewal that became effective May 27, 1958, for a period of one year thereafter. After the renewal of the policy in May of 1958, and before the accident in question on February 5, 1959, Jack Strintz re-purchased an interest in the Chevrolet automobile and thus became a co-owner thereof with Glenn Maurer.

Ward Merchant, of Elkhart, Indiana, an insurance agent for defendant Employers', took the original application for insurance from Glenn and Shirley Maurer and referred it to the Indianapolis office to issue the policy. That policy was thereafter renewed through Mr. Merchant as agent in May of each year from May of 1956 through February of 1959 and, at the date of the trial of this case, May 13, 1963, was still in effect between Employers' and the insured. Mr. Merchant, on cross examination at the trial of this case, testified that, at the time of the collision in question, to wit, February 5, 1959, three cars, the Chevrolet, a Dodge, and a Buick, were covered by the family type policy with the Dodge presumably located in Toledo; that the rate would be the same if two cars were located in Elkhart and one in Toledo; that all of the policies covered the operation of the cars in Canada and the United States; that no question was ever asked of Mr. Maurer concerning sole ownership, and that this policy would have been issued to Maurer knowing that one of the cars was to be located in Toledo, and that it was contemplated that others would drive the cars under the omnibus clause.

At the date of the collision, February 5, 1959, the Dodge automobile had been returned to Elkhart for repairs and the Chevrolet had taken its place in Toledo.

In the complaint, paragraphs 5 to 8, both inclusive, read as follows:

"5. On February 5, 1959, plaintiff Lester R. Cooper borrowed, with the permission of said G. L. Maurer, the automobile covered by the insurance policy issued to said G. L. Maurer by defendant The Employers' Liability Assurance Corporation, Ltd. While operating said automobile with permission, plaintiff Cooper was involved in a collision on said date with an automobile occupied by defendants Herbert H. Puse, Kathryn Puse, Judy Puse and Jane C. Puse. Said defendants subsequently asserted claims against plaintiff Cooper for damages based on personal injuries allegedly sustained by said defendants in said collision. Upon being notified of said claims, plaintiffs herein made demand upon defendant The Employers' Liability Assurance Corporation, Ltd. that it defend plaintiff Cooper and that it pay, to the limits of its insurance policy, whatever damages plaintiff Cooper shall be legally obligated to pay as a result of said claims, but said demand was rejected. Defendants Herbert H. Puse and Kathryn Puse subsequently commenced actions against plain-

tiff Cooper in the Court of Common Pleas of Lucas County, Ohio, and these suits were removed by plaintiff Cooper to this Court, where they now bear docket numbers 8259 and 8260 Civil.

"6. After the removal of said causes, plaintiffs again made demand upon defendant The Employers' Liability Assurance Corporation, Ltd. that it undertake the defense of said cases and that it pay whatever judgments may be rendered against plaintiff Cooper in said cases. This demand was likewise rejected.

"7. Plaintiffs say that because plaintiff Cooper was operating an automobile owned by G. L. Maurer with the permission of said owner, the coverage extended by the policy of insurance issued by defendant The Employers' Liability Assurance Corporation, Ltd. to G. L. Maurer is primary and that the coverage extended to plaintiff Cooper by the policy issued by plaintiff Allstate Insurance Company is excess; and that defendant The Employers' Liability Assurance Corporation, Ltd. is obligated under the terms of the policy issued by it to afford a defense to plaintiff Cooper against the claims being made against him and to pay whatever judgments may be rendered against plaintiff Cooper in said cases.

"8. Plaintiffs further say that plaintiff Allstate Insurance Company is under no obligation to defend plaintiff Cooper against said claims; that it is under no obligation to make payment upon whatever judgments may be rendered against plaintiff Cooper in said cases until the coverage extended by the policy issued by defendant The Employers' Liability Assurance Corporation, Ltd. is exhausted; that plaintiffs have no adequate remedy at law; and that until such time as this Court renders a judgment declaring the rights of the parties hereto,

the questions presented herein must be decided by plaintiffs at their peril.

"WHEREFORE, plaintiffs pray for a judgment declaring that defendant The Employers' Liability Assurance Corporation, Ltd. is obligated to defend the claims asserted by defendants Puse against plaintiff Cooper arising out of said collision; that defendant The Employers' Liability Assurance Corporation, Ltd. is obligated to pay whatever judgments may be awarded defendants Puse against plaintiff Cooper for damages allegedly sustained in said collision, to the extent of the monetary limits of the policy issued to G. L. Maurer; that plaintiff Allstate Insurance Company is under no obligation to defend plaintiff Cooper against said claims; and that plaintiff Allstate Insurance Company is under no obligation to make payment toward whatever judgments may be awarded defendants Puse against plaintiff Cooper in the prosecution of said claims, until the coverage extended by the policy issued by defendant The Employers' Liability Assurance Corporation, Ltd. to G. L. Maurer is exhausted. Plaintiffs further pray for an order enjoining defendants Herbert H. Puse, Kathryn Puse, Judy Puse and Jane C. Puse from instituting action or prosecuting claims or actions already pending against plaintiff Lester R. Cooper pending the determination of this cause and the issuance of an order declaring the rights and obligations of the parties herein."

In the answer of defendant Employers', filed May 19, 1960, it was admitted that it issued a policy of insurance to Maurer which was in full force and effect on February 5, 1959, and that an automobile belonging to Maurer was involved in an accident on such date. It denied all else.

On October 18, 1960, an order was entered substituting "American Employers' Insurance Company" as defendant herein

in place of "The Employers' Liability Assurance Corporation, Ltd.". However, we hereinafter refer to defendant insurance company as "Employers'".

On March 30, 1962, defendant Employers' filed an amended answer, in which it set up certain defenses based upon the alleged failure of Glenn Maurer to cooperate with the company and to acquaint it with facts material to the risk, including the location of the automobile in Toledo instead of in Elkhart, and the lack of sole ownership in Glenn Maurer.

On May 9, 1963, defendant Employers' filed an "Amendment and Supplement to Amended Answer", in which it alleged that, since the filing of its amended answer, it has been unable to obtain the cooperation of Glenn Maurer and that he has failed and refused to aid in the defense of the action.

The case was tried to the Court on May 13, 1963, and is now submitted on the pleadings, the evidence, the depositions of Glenn Maurer taken on October 14, 1960 and May 9, 1963, and the depositions of Lester Cooper taken on October 3 and October 12, 1960.

Originally, the primary question was whether Cooper had Maurer's permission to drive the Chevrolet automobile on February 5, 1959, but that question is no longer an issue in the case as Employers' agrees that such permission had been given; in fact, before the trial of the case, and in his deposition, Maurer testified that such permission had been given. It is Employers' position that there was a failure to cooperate prior to the taking of the depositions in that Maurer had stated to Employers' agents that such permission had not been given.

We, therefore, have three defenses to consider:

1. That Employers' policy was breached by Maurer's changing of the location of the Chevrolet from Elkhart, Indiana to Toledo, Ohio;

2. That Employers' policy was breached by Maurer's lack of co-operation in changing his story on the eve of the trial to indicate that he gave Cooper permission to use the car; and

3. That Employers' policy was void for the reason that Maurer was not the sole owner of the Chevrolet at the time of the collision.

■ ■ In connection with defense number one, Maurer testified in his depositions that the automobile scheduled in the policy for Toledo was taken to Elkhart, to wit, the Dodge, and the Chevrolet scheduled for Elkhart was taken to Toledo, and that the purpose in taking the Dodge to Elkhart was to make repairs thereon, it being his intention to return the Dodge to Toledo after such repairs were completed; that at all times two of the three cars covered by the policy were located in Elkhart, while only one of the three cars was located in Toledo. In this connection, Mr. Merchant testified that the premiums charged Maurer for the liability coverage would remain unaffected so long as any two of the three insured cars were located in Elkhart and the third in Toledo. We, therefore, conclude that the declaration of the principal place of keeping the insured automobile is not an absolute warranty in the absence of explicit language making it so, and that there is no such provision in Employers' policy and that, therefore, the change of the location of the Chevrolet in place of the Dodge effected no change in the risk undertaken by Employers' and, therefore, cannot be the basis for avoiding the policy. We rely upon the case of Sutton v. Hawkeye Casualty Co., 138 F.2d 781 (6th Circuit) for authority.

We have re-examined the testimony with reference to the part-ownership by Strintz in the Chevrolet upon the date of its original purchase early in 1955, and the sale of that ownership by Strintz to Maurer before the first policy was issued by Employers' in May of 1956, including also the re-purchase of an interest by Strintz some time after the renewal of the policy for one year beginning in May of 1958, and we have reviewed it in the light of the second and

third defenses herein. Defendant Employers' takes the position that the alleged lack of cooperation on the part of Maurer for failure originally to disclose that he had given Cooper permission to drive the car, for alleged failure to co-operate with the company in other respects, and for alleged failure to disclose that he was not the sole owner of the automobile prior to the date of trial, were false representations and a fraudulent failure to disclose facts material to the risk. It cites 45 C.J.S. Insurance §§ 473 (3), 584, pp. 153, 379, which reads as follows: "An insurance policy may be avoided by the insurer where the insured intentionally or fraudulently conceals a fact material to the risk" and, further, "A policy of liability insurance may be invalidated on the ground of fraud for concealment of a material fact".

Defendant cites and relies on the case of Massachusetts Mutual Life Ins. Co. v. Cohen, Friedlander & Martin, D.C., 70 F.Supp. 186, a case that we tried and decided under date of February 14, 1947, which decision was affirmed by the Sixth Circuit Court of Appeals, 166 F.2d 63, and certiorari denied May 17, 1948, 334 U.S. 820, 68 S.Ct. 1086, 92 L.Ed. 1750.

We agree with the law as cited and relied upon, including the statement found in the case of Ocean Accident & Guarantee Corporation, Limited, v. Lucas, et al., 74 F.2d 115, on page 117 (6th Circuit), which case is cited by plaintiff and which states the following:

"A deliberate and wilful falsification of material facts would have violated the terms of the policy. This is the effect of the holding in United States Fidelity & Guaranty Co. v. Wyer, 60 F.(2d) 856 (C.C.A. 10)."

In the Massachusetts Mutual Life Ins. Co. case, supra, the intentional and fraudulent concealment of a fact material to the risk was so calculated and deliberate as to be tantamount to an inexcusable fraud. The purpose was to gain $40,000.00 in exchange for the payment of the initial premium.

In the case before us, whether we look at the question of permissive use of the Chevrolet, or the alleged failure to cooperate in certain details, or the question of the sole ownership of the car, the element of conscious, intentional, wilful, fraudulent, or deliberate deception on the part of Maurer is wholly lacking. Maurer had nothing to gain through an intentional or fraudulent concealment of any fact material to the risk. It appears to us that his conduct was comparable to the conduct of most any layman who might be the owner of a fleet of cars covered under a family policy and renewed and re-renewed over a period of years. The insured seldom or never reads his policy and, if he does, owing to his lack of technical knowledge and skill, is unable to comprehend fully all of the terms and conditions of the policy that is issued to him. He should not, in the absence of evidence of an intentional and fraudulent concealment of a material fact, be held to a strict compliance with the terms and conditions of the policy, and especially where a variance from the terms of the policy results in no prejudice to the insurer. We conclude, therefore, that Cooper was driving the Chevrolet with Maurer's consent at the time of the accident; that there is a failure upon the part of defendant Employers' to sustain its defenses pertaining to change of location, lack of cooperation, and failure to be the sole owner at the time of the collision, and that defendant Employers' coverage under its policy is available to Cooper, and that such coverage is primary.

Plaintiff may prepare findings of fact and conclusions of law drawn in accordance with this memorandum and lodge them with the Court within ten (10) days. Within ten (10) days thereafter, defendant Employers' may file its exceptions or suggested additions thereto.

An order may be drawn accordingly.