Lester R. COOPER and Allstate Insurance
Company, Plaintiffs-Appellees,

v.

AMERICAN EMPLOYERS' INSURANCE
COMPANY, Defendant-Appellant.

No. 15990.

United States Court of Appeals
Sixth Circuit.

June 24, 1965.

Gerald P. Openlander, Toledo, Ohio, for appellant.

Jamille G. Jamra, Toledo, Ohio, for appellees, Eastman, Stichter, Smith & Bergman, Toledo, Ohio, on the brief.

Before MILLER and CECIL, Circuit Judges, and McALLISTER, Senior Circuit Judge.

CECIL, Circuit Judge.

This is an appeal from a declaratory judgment, in the United States District Court for the Northern District of Ohio, Western Division, in favor of Lester R. Cooper and Allstate Insurance Company, plaintiffs-appellees, and against American Employers' Insurance Company, defendant-appellant. The facts are fully stated in the opinion of the trial court reported at 225 F.Supp. 456. The parties will be referred to as Cooper, Allstate and Employers, respectively. The issue is whether Employers is primarily liable, as insurer, for damages caused by Cooper in an automobile collision.

On May 27, 1956, Employers insured Glenn Maurer and his wife, Shirley Maurer, of Elkhart, Indiana, on two automobiles, a Chevrolet and a Buick, by what is known as a family policy. The cost of such a policy is less than the cost of a separate policy on each car. It was stated in the application that the Maurers were the sole owners of the automobiles. Two renewals were issued on the anniversary dates of this policy. Sometime after the first renewal, a Dodge automobile was included within the coverage of the policy. In a schedule attached to the second renewal, it was stated that the Dodge would be located in Toledo, Ohio, and that the other two automobiles would

be located in Elkhart, Indiana. The Chevrolet, included in the policy, had been purchased by Glenn Maurer and a co-worker, Jack Strintz, on October 19, 1955. The title was issued to them jointly and remained in their joint names at all times material to this case. The license plates were also issued to them jointly.

Prior to the issuance of the policy above mentioned, Glenn Maurer purchased the interest of Jack Strintz in the Chevrolet. Subsequent to the renewal of the policy, on May 27, 1958, and prior to the accident in which Cooper was involved, Jack Strintz repurchased his interest in the Chevrolet. Maurer did not inform Employers of this purchase by Jack Strintz.

Sometime prior to the accident, the Dodge was taken to Elkhart for repairs and the Chevrolet was left in Toledo. Maurer was a railroad employee and he sometimes had to stay in Toledo. He, as well as fellow employees, used the Chevrolet there. Cooper, being a fellow employee, was permitted to use the car, and on February 5, 1959, he had an accident in which the family of Herbert Puse was injured.

Suits were filed against Cooper by members of the Puse family. Cooper was insured with Allstate but under a provision of its policy the coverage was excess insurance over any other collectible insurance. Employers refused to defend Cooper and this action was brought for a declaratory judgment to determine the rights of the parties.

Employers advanced three defenses before the District Court. 1. Its policy was breached by Maurer's changing the location of the Chevrolet from Elkhart, Indiana, to Toledo, Ohio. 2. Maurer breached the policy by lack of cooperation in changing his story on the eve of trial to indicate that he gave Cooper permission to use the car, and, 3. The policy was void for the reason that Maurer was not the sole owner of the Chevrolet. The denial of these defenses by the District Court is the basis of the appeal now before us.

This Court held, in Sutton v. Hawkeye Casualty Co., 6 Cir., 138 F.2d 781, that changing the location of an automobile from Kalamazoo, Michigan, to Chattanooga, Tennesse, did not invalidate an automobile liability insurance policy. The principle of that case is applicable here.

Employers' policy provides, "The following are insureds under Part I: (a) With respect to the owned automobile, * * * (2) Any person using such automobile, provided the actual use thereof is with the permission of the named insured; * * *." It was conceded in the District Court that Cooper had permission from Maurer to use the Chevrolet car on the occasion in question. Once it was determined that Cooper had permission to use the Chevrolet car, he then became the insured. Maurer has no interest in the litigation and stands to gain or lose nothing. He cannot defeat Cooper's rights by failure to cooperate. There is no claim that Cooper failed to cooperate.

A certificate of title is not conclusive and exclusive proof of ownership of a motor vehicle in Indiana. Maurer was the owner of the Chevrolet at the time the policy was issued in 1956 and at the time of its renewal in 1958. There was no fraud or concealment of a material fact on the part of Maurer in not informing Employers of the repurchase by Jack Strintz of his interest in the Chevrolet. The trial court found "Maurer was not guilty of an intentional or fraudulent concealment of a material fact in his dealings with Employers' or its representatives. The element of conscious, intentional, wilful, fraudulent or deliberate deception on the part of Maurer is wholly lacking." (Findings of Fact, not included with publication of opinion.) This finding of fact is not clearly erroneous and we are in agreement with it.

For the reasons stated herein and upon the opinion of the trial judge, reported at 225 F.Supp. 456, the judgment of the District Court is affirmed.